Richard E. WILLIAMS, Appellant,

v.

**KANSAS CITY PUBLIC SERVICE COMPANY, a corporation, Respondent.**

No. 44974.

Supreme Court of Missouri.

Division No. 2.

Sept. 10, 1956.

Motions to Modify and for Rehearing
Denied Oct. 8, 1956.

Robert J. Taylor, William E. Tipton, Tipton, Birmingham, Taylor & Furry, Kansas City, for appellant.

Charles L. Carr, Hogsett, Houts & James, Kansas City, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from an adverse judgment, the effect of which was to sustain a motion to dismiss his petition for failure to state a claim upon which relief can be granted. Jurisdiction is in this court because the amount of damages sought is $19,000.

Plaintiff's petition, other than caption and signatures, is as follows:

"Comes now the plaintiff and with leave of Court amends his petition herein and states:

"Count I.

"1. That the defendant, Kansas City Public Service Company is a Cor-poration, organized and existing under the laws of the State of Missouri and engaged in operating a public transportation system in Kansas City, Jackson County, Missouri.

"2. Plaintiff further states that he was employed by said defendant from December 15, 1942, until on or about August 3, 1951, as a streetcar and bus operator at the defendant's 9th and Brighton Division; that while plaintiff was so employed, he was subject to an agreement or contract between Division No. 1287, Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America and the defendant Kansas City Public Service Company, dated as of January 1, 1950, which at all times mentioned herein was in full force and effect.

"3. Plaintiff further states that on or about August 3, 1951 he was discharged for allegedly misappropriating company funds and in accordance with the agreement or contract aforementioned, the plaintiff's grievance was submitted to a purported arbitration and a hearing was held to determine plaintiff's rights; and that plaintiff has fully complied with the terms of said agreement and exhausted his grievance remedies thereunder.

"4. Plaintiff further states that said hearing and the resulting award were unfair, unjust, improper and not impartial and that plaintiff's rights were prejudiced in that only one of the three arbitrators was permitted to view the conduct and demeanor of the only witnesses upon whose testimony the award was based; that there was no competent evidence to support the charge or on which to base an award; that the evidence was contradictory and insufficient; that since the charge was criminal in nature, the plaintiff was entitled to the basic constitutional right of confrontation of his accusers

but that plaintiff was deprived of this right and the testimony on which the purported award was based was given by unknown and unseen parties sitting behind a screen, over the objection of plaintiff and his representative; that the evidence submitted in no way proved the charge beyond a reasonable doubt; and that therefore plaintiff was wrongfully and unlawfully dismissed and discharged by the defendant.

"5. Plaintiff further states that as a result of the aforementioned award and wrongful dismissal his reputation and character have been irreparably damaged; that he has been deprived of working at his usual occupation or any employment commensurate with his experience and ability; that he has suffered loss of seniority rights and other fringe benefits; that he has been caused to accept employment of a kind and nature that the compensation is much less than that previously earned; and that he has suffered undue hardship, humiliation and loss of income.

"6. Plaintiff further states that because of said wrongful and unlawful discharge he has suffered actual damages in the amount of Nine Thousand ($9,000.00) Dollars loss of wages to date.

"Count II.

"1. For Count II herein, plaintiff adopts and makes a part hereof as though fully copied herein all the allegations and averments set forth in Count I and states that the said agreement or contract aforementioned, according to its terms, created a duty on the part of the defendant to provide the plaintiff with a fair, just and impartial hearing and investigation; and that defendant's failure to so provide was malicious and capricious and constituted a breach of said duty and that by reason of such facts plaintiff is entitled to punitive damages in the sum of Ten Thousand ($10,000.00) Dollars.

"Wherefore, plaintiff prays for judgment against the defendant in the total sum of Nineteen Thousand ($19,000.-00) Dollars, together with his costs herein incurred and expended."

The defendant filed an answer in which it incorporated a motion to dismiss the petition for failure to state a claim upon which relief can be granted, and in which it also alleged an affirmative defense to the effect that the contract between the defendant and the labor union mentioned in the petition provided for a grievance procedure the result of which was to be final and binding on the parties; that plaintiff submitted his grievance resulting from his discharge to arbitration according to the terms of the said contract; and that the award of the arbitration board was that the discharge of plaintiff was authorized by the contract. No evidence was taken and the record does not disclose any motion for judgment on the pleadings. The trial court entered judgment that "both defenses are well founded" and that "plaintiff take nothing by his suit." We shall consider first the correctness of the judgment that the petition fails to state a claim upon which relief can be granted, and in doing so shall consider only those allegations contained in the petition and disregard those in the answer.

This is not a suit to have the arbitration hearing and award set aside as was the case in Continental Bank Supply Co. v. International Brotherhood of Bookbinders, Local No. 243, Mexico, Mo., 239 Mo.App. 1247, 201 S.W.2d 531. Neither is it a suit to obtain a judicial review of the correctness of the arbitration award. Plaintiff bases his claim in count I of the petition for damages resulting from a wrongful discharge from employment. Unless there is a contract pertaining to the duration of the employment or limiting the reasons for which the employee may be discharged the employment is at the will of either party, and the employer may terminate the relationship at any time. Culver

v. Kurn, 354 Mo. 1158, 193 S.W.2d 602 [2], 166 A.L.R. 644; Douglas v. Metropolitan Life Ins. Co., Mo.App., 297 S.W. 87; Bell v. Faulkner, Mo.App., 75 S.W.2d 612 [1]; 56 C.J.S., Master and Servant, § 48; 35 Am.Jur., Master and Servant § 19; Annotations: 11 A.L.R. 470; 100 A.L.R. 835. Therefore a contract of employment and a breach thereof is a prerequisite to a cause of action for wrongful discharge. Jenkins v. Thompson, Mo.Sup., 251 S.W.2d 325 [4]; Craig v. Thompson, Mo.Sup., 244 S.W.2d 37 [4]. A petition for wrongful discharge from employment in breach of contract must set forth the essential elements of a valid contract, and a discharge in violation thereof. Mullin v. St. Louis-San Francisco Ry. Co., Mo.App., 254 S.W.2d 438 [2].

Plaintiff has alleged the existence of a contract between the defendant and a labor union to which it is generally stated plaintiff's employment was subject, but he does not allege the terms thereof pertaining to his employment or the circumstances under which his relationship to defendant as employee may or may not be terminated, and he does not allege facts from which it can be reasonably inferred that the discharge of plaintiff was in violation of that contract. What plaintiff does allege is that plaintiff was discharged for allegedly misappropriating company funds; that pursuant to the contract of employment plaintiff's grievance (we assume that his grievance was that he was unjustly or wrongfully discharged) was submitted to arbitration and a hearing was held to determine "plaintiff's rights;" that said hearing and the resulting award (we assume that the award was adverse to plaintiff) were unfair, unjust, improper and not impartial; that "plaintiff's rights" were prejudiced by reason of the various occurrences as set forth in paragraph four of the petition; and "that therefore plaintiff was wrongfully and unlawfully dismissed and discharged by the defendant."

The manner of conducting the hearing on "plaintiff's grievance" may have been so improper (but we are not ruling this question) that upon proper and timely challenge, the hearing and the result reached might be declared to be void and of no effect. See Continental Bank Supply Co. v. International Brotherhood of Bookbinders, Local No. 243, Mexico, Mo., supra. However, plaintiff does not seek that relief here, and it does not necessarily follow that if the arbitration hearing was improperly conducted the discharge was in violation of the contract of employment. The discharge may have been authorized by the contract, and if so, the discharge does not subsequently become a violation of the contract because the administrative procedure for review provided for in the contract was not performed in a proper manner. We do not hold that plaintiff has not exhausted the administrative remedy provided for in the contract, but we do hold that if plaintiff seeks to bring a suit in the courts for damages for wrongful discharge from employment, in addition to alleging that he has exhausted his administrative remedy, he must allege the essential facts to show his employment was subject to a contract which was breached by the discharge.

■ The allegation that the discharge was wrongful and unlawful constitutes nothing more than a conclusion, Folger v. Lowery, Mo.App., 210 S.W.2d 1011 [2], which is not admitted by a motion to dismiss for failure to state a claim upon which relief could be granted. Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708 [3]. We must necessarily conclude that there are no allegations of fact in the petition which if proved would establish, or from which it reasonably could be found, that the discharge of plaintiff was in violation of plaintiff's contract of employment.

Plaintiff relies on Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; Reed v. St. Louis S. W. R. Co., Mo.App., 95 S.W.2d 887; Mayfield v. Thompson, Mo.App., 262

S.W.2d 157; and Mullin v. St. Louis-San Francisco Ry. Co., Mo.App., 254 S.W.2d 438. As far as material to this case, the first three of these cited cases hold that an employee must exhaust his administrative remedies under the contract of employment before he may maintain action for wrongful discharge in violation of the contract. None of these cases holds that an employee may maintain an action for wrongful discharge on the ground that it was in violation of a contract of employment by alleging only that certain administrative procedures authorized or required by the contract were not properly held and without alleging in a proper manner that the discharge constituted a violation of the contract. The Mullin case, insofar as here material, is adverse to plaintiff's position because it holds that in an action for damages for wrongful discharge the discharge must be averred as constituting the breach of the contract and as the fact constituting the cause of action.

While count I is based on an alleged breach of the employment contract by reason of a wrongful discharge of plaintiff, count II apparently purports to allege another and different breach of the contract by defendant in "maliciously and capriciously" failing "to provide the plaintiff with a fair, just and impartial hearing and investigation."

If we treat count II as a purported statement of a separate claim, it is somewhat unique in that while plaintiff seeks $10,000 punitive damages he does not allege that any actual damages, not even nominal, resulted from this alleged breach. However, whether we treat count II as purporting to state a claim separate from that in count I as Section 509.120 RSMo 1949, V.A.M.S., contemplates separate claims should be stated, or treat count II in connection with count I and as separately stating items of punitive damages as required by Section 509.200 RSMo 1949, V.A.M.S., the result is that in either case by what is designated as count II plaintiff seeks punitive damages in a suit on a contract for the alleged breach thereof. It has repeatedly been held (except perhaps within certain narrow exceptions) that punitive damages are not recoverable in an action on contract. Trammell v. Vaughan, 158 Mo. 214, 59 S.W. 79 [3], 51 L.R.A. 854; Hilderbrand v. Anderson, Mo.App., 270 S. W.2d 406 [7]; Barton v. Farmers Ins. Exchange, Mo.App., 255 S.W.2d 451 [8]; Thomas v. Sterling Finance Co., Mo.App., 180 S.W.2d 788, 792; Zweifel v. Lee-Schermen Realty Co., Mo.App., 173 S.W.2d 690 [10]; Trout v. Watkins Livery & Undertaking Co., 148 Mo.App. 621, 130 S.W. 136 [4]; Restatement of the Law of Contracts, Vol. 1, § 342, p. 561; 25 C.J.S., Damages, § 120; 15 Am.Jur., Damages, § 273; Annotations: 23 A.L.R. at p. 961 and 84 A.L.R. at p. 1345. There have been recognized a few exceptions to the above rule where the breach amounts to an independent, willful tort and there are proper allegations of malice, wantonness, or oppression. See 15 Am.Jur., Damages, § 273, at p. 709, and 25 C.J.S., Damages, § 120, at page 717. In Holland v. Spartanburg Herald-Journal Co., 166 S.C. 454, 165 S.E. 203, 84 A.L.R. 1336, in a suit for damages for breach of an employment contract it was held that acts of willfulness would not support an allowance of punitive damages. Plaintiff has not attempted to allege facts which would bring this claim for punitive damages under any recognized exception to this rule.

The trial court correctly ruled that the petition failed to state a claim upon which relief can be granted, and it is therefore unnecessary to consider the other reason advanced for its judgment. However, this is not to be taken as indicating approval of the procedure whereby the trial court apparently ruled on the sufficiency of an affirmative defense before evidence was taken and when, at least as shown by the record, no motion for judgment on the pleadings had been filed.

The judgment of the trial court that plaintiff take nothing by his suit is affirmed.

All concur.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.