453 F.Supp. 801 (1978)
Kenneth H. MEYER, Plaintiff,
v.
BELL & HOWELL COMPANY, an Illinois Corporation, et al., Defendants.
No. 78-185C(1).
United States District Court, E. D. Missouri, E. D.
June 26, 1978.
E. Fairfax Jones, Biggs, Casserly, Barnes, Fickie & Wolf, St. Louis, Mo., for plaintiff.
Larry B. Luber, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of defendants' Bell & Howell Company, Bell & Howell Schools, Stuart Cohen, and Gerald Hauser to dismiss for failure to *802 state a claim upon which relief can be granted. For the reasons stated below, the motions will be granted.
In his first amended complaint, plaintiff alleges that he was employed by the defendant Bell & Howell Schools as a sales manager until wrongfully discharged in July of 1974.
The various defendants have moved to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6), F.R. C.P., 28 U.S.C.
In plaintiff's statement of facts, he alleges that Bell & Howell Company, the parent of Bell & Howell Schools, should be held liable because "said Bell & Howell Company has treated Bell & Howell Schools, Inc., as its own and not as a separate entity . ."
Although corporate separateness is generally respected, in rare instances the distinction between a parent and a sub is disregarded where, to observe the "corporate separateness", would work an injustice upon innocent third parties. Fidelity & Deposit Co. of Maryland v. USAFORM Hail Pool, Inc., 523 F.2d 744, 758 (5th Cir. 1975).
Even though Rule 8, F.R.C.P., requires only a "short and plain statement of the claim", it is implicit that the pleader set out a statement of circumstances, occurrences, and events in support thereof. 5 Wright and Miller, Federal Practice and Procedure, § 1215, page 112. More than a bare averment that he wants relief is required. Id. at page 113.
Since plaintiff's amended complaint does not state allegations which, if proved, would support liability against Bell & Howell Company (the parent corporation), Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), Rule 12(b)(6), the amended complaint will be dismissed in toto as to defendant Bell & Howell Company.
Count I is a claim against Bell & Howell Schools and Bell & Howell Company for an improper service letter. Bell & Howell Company will be dismissed for the reasons stated above.
Count II is a claim for unpaid commissions against Bell & Howell Company and Bell & Howell Schools. This claim will also be dismissed insofar as it seeks relief from Bell & Howell Company.
Count III will be dismissed completely. This claim is an allegation that Bell & Howell Schools and Bell & Howell Company tortiously breached the contract of employment between Bell & Howell Schools and plaintiff.
A tort action arising from a mere breach of contract can be maintained only where the breached duty is superimposed by operation of law. General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1216 (8th Cir. 1973). Moreover, punitive damages (which plaintiff prays in this count) are recoverable for a breach of contract only where the complaint states a claim which would amount to an independent, willful tort. Williams v. Missouri Public Service Co., 294 S.W.2d 36, 40 (Mo. 1956).
Count IV is a claim that defendants Cohen and Hauser conspired to terminate the plaintiff. Plaintiff apparently is alleging a cause of action for tortious interference with a contractual relationship. However, a party to a contract cannot be liable for conspiracy to induce its breach.
Although the corporation is the real party in interest to the contract, the corporation can act only through its agents. As employees who had authority to hire or fire plaintiff, Cohen and Hauser would reasonably be considered parties to the contract. Lyon Ford, Inc., v. Ford Marketing Corp., 337 F.Supp. 691, 694 (E.D.N.Y.1971). Accordingly, Count IV will be dismissed.
Finally, the Court will dismiss Count V. This is an averment that Bell & Howell Schools and Bell & Howell Company violated section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.
The federal district court is without jurisdiction to hear private causes of action for alleged violations of section 5. Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. *803 1973); Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc., 499 F.2d 232, 237 (2nd Cir. 1974). The protection against unfair trade practices afforded by the Act vests initial remedial power in the Federal Trade Commission. Carlson v. Coca-Cola, supra, page 280.