**R. J. SPRENGER, Plaintiff-Appellant,**

v.

**The CITY OF SPRINGFIELD, Missouri, a Municipal Corporation By and Through the BOARD OF PUBLIC UTILITIES of the City of Springfield, Missouri, Defendant-Respondent.**

No. 11982.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 10, 1981.

Appellant's Motion for Rehearing and Application to Transfer Denied Dec. 1, 1981.

Application to Transfer Denied Jan. 18, 1982.

Joe Don Butcher, Lawrence E. Tittle, Independence, for plaintiff-appellant.

Robert B. Hankins, Springfield, for defendant-respondent.

PER CURIAM.

By his petition the plaintiff alleged that he had been employed by the defendant until he was forced to resign on February 22, 1979. He further alleged the defendant failed to comply with § 290.140, RSMo 1978, (the Service Letter Statute) by issuing to him a service letter, among other things, "truly stating for what cause, if any, such employee has quit such service". § 290.140. He seeks to recover from the defendant $75,000 actual damages and $150,000 punitive damages. In the caption of the petition he named as the defendant "The City of Springfield, Missouri, a Municipal Corporation by and through the Board of Public Utilities of the City of Springfield, Missouri". In the body of the petition he alleged the "[d]efendant is a municipal corporation ...." As no one contends otherwise, this

appeal will be decided upon the basis the defendant has been properly named and properly described. Without stating the basis for such action, the trial court sustained the defendant's motion to dismiss the plaintiff's cause of action because he failed to state a claim upon which relief can be granted. The plaintiff appeals.

In support of its motion to dismiss, the defendant relied upon *Hunt v. St. Louis Housing Authority*, 573 S.W.2d 728 (Mo. App.1978). In that case the Missouri Court of Appeals, Eastern District, observed "[o]ur Constitution and statutes constantly recognize the difference between private business corporations and municipal corporations." *Hunt*, supra, at p. 730. Defining the term "corporation" as used in § 290.140, the court followed the reasoning adopted by the Supreme Court in regard to another statute:

> In view of the foregoing considerations, the meaning commonly ascribed to the word 'corporation' both in popular usage and legal nomenclature and absence of language indicating a legislative intent to use it in a different sense we must assume it was used in its ordinary and commonly understood meaning and the assumption legitimately follows that had the Legislature intended to include a municipality in the act it would have done so by specific language to that effect. It is our conclusion that the word 'corporation' as used does not include a municipality and therefore a municipality is not within the act. *City of Webster Groves v. Smith*, 340 Mo. 798, 801, 102 S.W.2d 618, 619–620 (1937).

The court concluded "[f]or the reasons stated, we hold that the defendant, St. Louis Authority, is a municipality and, as such, not bound by § 290.140 to issue 'service letters' as contemplated by the statute." *Hunt*, supra, at p. 731.

The plaintiff attempts to distinguish that case upon the basis the defendant in this case sells electricity rather than providing subsidized housing. That is not a basis for redefining the term "corporation" as used in § 290.140. This court agrees with *Hunt*

*v. St. Louis Housing Authority*, supra. The authority of that case was not weakened, but was strengthened by *Herberholt v. dePaul Community Health Center*, 625 S.W. 2d 617 (Mo. banc 1981), in which it was held that § 290.140 was applicable to corporations not for profit. In that case the Supreme Court carefully observed the difference between a private corporation and a municipal corporation. "The attempt to equate a charitable corporation to a municipal corporation is equally faulty for it fails to recognize that the latter are essentially political entities while the respondent is virtually identical to profit motivated corporation." *Herberholt*, supra, at p. 621. The defendant in this case is a municipal corporation not bound by § 290.140 to issue service letters. The trial court did not err in dismissing the petition and the judgment is affirmed.

All concur.