**Rina KRASNEY, Appellant,**

v.

**The CURATORS OF the UNIVERSITY OF MISSOURI, Respondent.**

**No. WD 40246.**

Missouri Court of Appeals,
Western District.

Jan. 31, 1989.

Doris Gregory Black, St. Louis, for appellant.

Jerry K. Rodriguez, Phillip James Hoskins, Columbia, for respondent.

Before SHANGLER, P.J., CLARK, J., and COVINGTON, Special Judge.

SHANGLER, Presiding Judge.

The plaintiff Krasney appeals from the dismissal without prejudice of a petition against the defendant Curators of the University of Missouri. The judgment of dismissal gives no formal ground, but is consequent upon the motion of the defendant that the petition fails to state a claim for relief because the matters pleaded assert actions in tort, and the Curators enjoy the immunity of the sovereign against such suits. The plaintiff argued to the trial court, and now on appeal, that the petition sounds in contract, not tort, and therefore the Curators must answer.

The plaintiff was employed by the defendant in January of 1981 as Librarian II for a period of one year on a nonregular academic status.[1] Her employment was renewed for each successive academic year until 1985 when the reappointment as Librarian II was for a three-month period, from September 1, 1985 to November 30, 1985. The appointment was not renewed thereafter. In December of 1984 the plaintiff had been injured during the course of employment, and was treated for her injuries. The regimen of medical and hospital care caused her absence from work for various periods. On June 25, 1985, the plaintiff filed a claim for worker's compensation against the Curators under chapter 287.[2]

On these essential facts, the plaintiff undertakes to formulate three separate grounds for redress.

Count I of the petition alleges an unlawful retaliatory discharge of the plaintiff by the Curators in violation of § 287.780 RSMo 1986. That section provides:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

That count pleads that the Curators intentionally imposed on the plaintiff duties

---

1. This narration of facts is as pleaded in the petition. The brief on appeal appends certain employment documents: the basic employment Staff Form, extracts from the Faculty Handbook Business Policy and Procedure Manual of the University of Missouri, items of correspondence between the Library and the plaintiff, and assorted other such sources. Plaintiff freely alludes to these documents and their contents for purposes of argument, but they were never before the trial court—either as incorporations by reference, or as pleadings exhibits, or otherwise formally presented or acknowledged as part of the trial proceedings. There is no dispute, nevertheless, that these Faculty Handbook definitions appertain:

 .212 *Nonregular* ... Nonregular appointments are either temporary (not to exceed seven years), part-time, or involve duties substantially different from those of faculty members holding regular appointments.
 .2213 Nonregular term appointments begin at a specified date and terminate at a specified date. Such appointments are usually for a period of one academic year but may be for a longer or shorter period, except that no single term appointment shall be for a period longer than three years. No number of nonregular term appointments shall create any presumption of a right to reappointment on term or continuous basis, subject to the limitations in Section .212.

2. The petition does not allege that the Curators gave Rina Krasney any reason for their actions—first for the curtailed three-month rather than the usual one-year reappointment, and then for the nonrenewal of appointment at the end of the three-month period. The documents from which the plaintiff fashions her legal positions show that the official explanation for the curtailed reappointment was that the action was "necessitated by your continuing absence from your duties." That explanation continued: "Your ability to perform your normal duties ... between September 1, 1985 and November 30, 1985 will be a primary consideration in determining whether you will be reappointed after November 30, 1985." On November 1, 1985, Ms. Krasney was officially notified: "[Y]our appointment as a Librarian II at the University of Missouri at St. Louis will not be renewed at the expiration of your three month appointment which ends on Nov. 30, 1985."

which required excessive physical exertions contrary to the advice of her physicians, that the Curators failed to provide a timely description of job accommodations after her injury [3], and then terminated her employment without an opportunity to work in accordance with the accommodations. The count also pleads that the Curators harassed, humiliated, degraded and demeaned the plaintiff, so that she suffered not only loss of wages and professional reputation, but also humiliation and emotional distress. The prayer was for actual and punitive damages.

Count II alleged in addition that the plaintiff submitted a written request to the Curators to provide her a service letter, but that the Curators—in violation of § 290.140, RSMo 1986, submitted a response which failed to state the true reason why she was discharged. The prayer was for actual and punitive damages.

Count III alleged that the work performance of the plaintiff was more than satisfactory and that the actions of the Curators were in violation of the employee personnel manual [4] then in effect and constituted a wrongful discharge. The prayer was for actual and punitive damages.

■ The judgment to dismiss the petition for failure of the several counts to state a cause of action was responsive to the motion of the defendant that the Curators are a *public entity* within § 537.600, RSMo 1986, and so enjoy the immunity of the sovereign from suit for money damages in tort. And, indeed, the Board of Curators of the University of Missouri is invested by constitutional mandate as a public entity with the status of a governmental body and, as such, is immune from suit for liability in tort in the absence of an express statutory provision. *Todd v. Curators of Univ. of Mo.*, 347 Mo. 460, 147 S.W.2d

1063, 1064[1, 2] (1941); *Tribune Pub. Co. v. Curators of Univ. of Mo.*, 661 S.W.2d 575, 579[1] (Mo.App.1983); Mo.Const.Art. IX, § 9(a). The plaintiff does not dispute these principles or the prerogative of the Curators to invoke them against suits in tort, but argues that each of the three counts is based on contract and so may be maintained, even against a public entity. The plaintiff alludes to the text of § 537.600 which expressly limits the scope of the immunity to liability and suit for tortious acts, but not to breaches of contract. *See V.S. DiCarlo Constr. Co. v. State*, 485 S.W.2d 52, 54 (Mo.1972); *Gavan v. Madison Memorial Hosp.*, 700 S.W.2d 124, 126[1, 2] (Mo.App.1985).

## COUNT I

■ It is the theory of the argument as to Count I, that by subscription to the coverage of the Workers Compensation Act for its employees, the Curators agreed also —as a matter of contract—to any liability that Act imposes on an employer for noncompliance or breach of its provisions. To sustain the argument, the plaintiff cites from *Welborn v. Southern Equip. Co.*, 395 S.W.2d 119 (Mo. banc 1965) at 124[3]:

[T]he Workmen's Compensation Law is contractual in that it is elective by the employer and the employee and when so accepted its provisions become an integral part of the employment contract.

From this general declaration, the plaintiff concludes that the duty of the Curators as an *employer* under § 287.780 to refrain from a retaliatory discharge of an employee is an obligation of contract, so that a breach of that statute is only a contract to which the doctrine of sovereign immunity does not relate. *Welborn*, however, dealt with the quintessential obligation of an employer under the Law: to pay an employee

---

**3.** The job "accommodations" presumably alludes to some procedure defined in the Faculty Handbook and relevant to the pleaded circumstances. That document—as we already note—was not incorporated into the pleading, nor tendered as a source of evidence, nor otherwise before the trial court. Nor is it otherwise evident what legal consequence those allusions of Count I mean to implicate.

**4.** We note again that neither employee personnel manual nor any other document was appended to the petition nor incorporated by reference, nor was otherwise before the trial court. The allusion to "employee personnel manual" in Count III, therefore, does nothing to further inform the pleading or the cause of action it attempts.

compensation, medical aid and other attendant benefits of a compensable injury. It was that obligation which became a matter of contract with the Curators and its breach a breach of its statutory obligation to the worker. A retaliatory discharge in violation of § 287.780, on the other hand, constitutes an independent tort for which an award for punitive damages lies. *Reed v. Sale Memorial Hosp. and Clinic,* 698 S.W.2d 931, 940[19] (Mo.App.1985). Punitive damages are not a usual recovery for breach of contract. *Williams v. Kansas City Pub. Serv. Co.,* 294 S.W.2d 36, 40[7, 8] (Mo.1956). And, indeed, it is punitive damages Count I seeks.

■ Count I, therefore, sounds in tort, and not in contract, as the plaintiff argues. The Curators, as a governmental entity, are immune from suit in tort in the absence of an express statutory waiver. *Todd,* 147 S.W.2d at 1064[1, 2]. We assume the plaintiff means to argue that § 287.030 of the Law which defines *employer* to include not only persons, partnerships, corporations and other business entities, but also, the state, county, municipal corporations, curators, and other governmental entities, places them on a parity so far as the obligation to comply with the several components of the Law—retaliatory discharge § 287.780 included—so that one kind of *employer* is as equally amenable to suit as the other. The waiver of sovereign immunity, however, must be by express consent to be sued. *Charles v. Spradling,* 524 S.W.2d 820, 823[4, 5] (Mo. banc 1975); *Community Fed. Sav. & Loan Assoc. v. Director of Revenue,* 752 S.W.2d 794, 796[1, 2] (Mo. banc. 1988), *cert denied,* — U.S. —, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988). Nor, in the usual course of the construction of statutes, are the state and its agencies considered within the purview of a statute, inclusive though the language of the enactment may be, unless an intention to include them is clear. "The rule reflects the notion that the state is a unique entity in our society as the reservoir of the power and rights of all people. Narrowly construing the general provisions of a statute in favor of the state serves to preserve the state's sovereign rights and protect its capacity to perform necessary governmental functions." *Carpenter v. King,* 679 S.W.2d 866, 868 (Mo. banc 1984). Neither § 287.780 nor any other component of the Workers Compensation Law expresses an intention to submit a governmental entity to liability for tort for breach of that retaliatory discharge provision.

■ The premise of the argument that § 287.030 means to waive the immunity from suit in tort the Curators share with the sovereign is even more conclusively rebutted by an express legislative disclaimer. In 1969 the General Assembly enacted sections 105.800 through 105.850 to extend the provisions of the Workers Compensation Law [chapter 287] to include all state employees.[5] Section 105.850 provides:

> *Nothing in sections 105.800 to 105.850 shall ever be construed as acknowledging or creating any liability in tort or as incurring other obligations or duties except only the duty and obligation of complying with the provisions of chapter 287, RSMo.*

[emphasis added]

This declaration means that, any intimations to the contrary notwithstanding, none of the provisions of the Workers Compensation Law shall be construed as a waiver of sovereign immunity in favor of a state employee. *Jones v. State Highway Comm.,* 557 S.W.2d 225, 229[5] (Mo. banc 1977); *O'Dell v. School Dist. of Independence,* 521 S.W.2d 403, 408 (Mo. banc 1975), *cert. denied,* 423 U.S. 865, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975).

Count I was properly dismissed for failure to state a cause of action against the Curators under § 287.780.

### COUNT II

■ Count II undertakes to plead a violation of service letter § 290.140, RSMo. 1986, in that the plaintiff submitted a written request to the Curators to provide her a service letter, but that the response failed

---

**5.** The plaintiff, as an employee of a constitutional agency, comes within the definition of a *state* *employee* rendered by § 105.800. *See* Mo. Const. Art. IX § 9(a) and § 105.820.

to state the true reason for her discharge. The breach of that section, which by explicit terms allows a recovery for compensatory, nominal and punitive damages for its breach, gives rise to a statutory action in tort. *Lowery v. Kansas City*, 337 Mo. 47, 85 S.W.2d 104, 110[8–12] (1935); *Love v. Ben Hicks Chevrolet, Inc.*, 655 S.W.2d 574, 576[4–7] (Mo.App.1983). *See also* MAI 23.-08 [which delineates the cause of action under predecessor § 290.140]. The petition, by any reading, attempts a tort cause of action and pleads recovery for both punitive and actual damages for the breach of duty by the Curators under the statute. The Curators, however, for reasons already given are immune from liability in tort, so Count II was properly dismissed.[6]

■ The dismissal was properly entered for a separate reason. The terms of service letter § 290.140 apply only to a "corporation doing business in this state." A municipal corporation [there, a local housing authority] was held not a "corporation doing business in this state" within the sense and purpose of § 290.140. *Hunt v. St. Louis Housing Authority*, 573 S.W.2d 728, 730 (Mo.App.1978). "A municipal corporation as that term is used in its broad sense [includes] public and quasi-corporations which act as arms of local government and exercise essential governmental functions." *Id.* The court explained its rationale:

> Our Constitution and statutes consistently recognize the difference between private business corporations and municipal corporations. We have found no instance ... where the word "corporation" alone in a constitutional provision or in a statute is clearly intended to refer to, or include, a municipal corporation. Indeed, it has been judicially noted that a "well

settled distinction exists between the two" terms.

In the absence of a legislative intent to impart a different sense—the court concluded—the term *corporation* does not encompass *municipal corporation. Id.* at 731. *See also Sprenger v. City of Springfield*, 629 S.W.2d 493, 494 (Mo.App.1982). It is the status as a governmental entity which distinguishes a corporation as not subject to the provisions of § 290.140 from a corporation subject to its terms. *Herberholt v. de Paul Community Health Center*, 625 S.W.2d 617, 621[1] (Mo. banc 1981); *Sprenger*, 629 S.W.2d at 494. We conclude that the Curators, as a public entity with the status of a governmental body, is not a "corporation doing business in this state," and hence not within § 290.140.

Count II of the petition was properly dismissed on that separate ground even though not formally invoked by the trial court. *J.M. Morris Constr. Co. v. Mid–West Precote Co.*, 613 S.W.2d 180, 181[1] (Mo.App.1981).

## COUNT III

■ Count III undertakes a pleading for wrongful discharge. A cause of action for wrongful discharge is pleaded by allegations which delineate the elements of a valid employment contract, and a discharge in violation of its terms. *Dake v. Tuell*, 687 S.W.2d 191, 193[2, 3] (Mo. banc 1985). That is to say, unless there is a contract which specifies the duration of the employment or limits the reasons for which the employee may be discharged, the employment is at the will of either party. *Maddock v. Lewis*, 386 S.W.2d 406, 409[2] (Mo.1965), *cert. denied*, 381 U.S. 929, 85 S.Ct. 1569, 14 L.Ed.2d 688 (1965). And it is the rule of decision in this state that, absent any contrary statutory provisions[7], an at will employee cannot maintain an action

6. Section 36.470 RSMo.1986, expressly entitles a state employee under the merit system who is discharged or voluntarily quits employment to a service letter upon written request. The statute imposes no civil liability "except for willful and malicious refusal to furnish such letter." There is no allegation or other pleading in any count of the petition, however, that the plaintiff was an employee under the merit system or was otherwise entitled to the benefit of § 36.470.

7. Thus, a violation of § 287.780 of the Workers Compensation Law gives rise to a cause of action in damages for retaliatory discharge in favor of an employee [an employee at will included] against the employer. *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 274[1, 2] (Mo. banc 1984); *Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 149 (Mo.App.1983). A violation of service letter § 290.140 also invests an employee [an employee at will included],

for wrongful discharge against the former employer. *Dake,* 687 S.W.2d at 192–193 & n. 3.

 The plaintiff argues that her employment, although nonregular, was not at will, but contractual and alludes to sections .2213 and .232 of the Faculty Handbook. The first section defines that "[n]onregular term appointments begin at a specified date and terminate at a specified date." The second, defines that appointees to the academic staff under term appointments, "either regular or irregular, are subject to termination prior to expiration of the stated term only for cause...." The plaintiff argues that these terms of employment—which prescribe a definite term and do not allow termination during the employment period except for cause—describe a valid contract of employment for whose breach an action for wrongful discharge will lie under *Dake, Maddock* and other governing authority.

The judgment under review is the dismissal of the petition for failure to state a cause of action. In the assessment of that judgment we take as true all of the facts well pleaded and give the pleader their most favorable intendment. *Burckhardt v. General American Life Ins. Co.,* 534 S.W.2d 57, 63[1–9] (Mo.App.1976). The sufficiency of the petition as a pleading for relief is determined by the face of the statement together with any exhibits to which the petition refers and incorporates by attachment. *McDonough v. Aylward,* 500 S.W.2d 721, 722[1] (Mo.1973); Rule 55.-12. The pleading of Count III of the petition against the Curators that:

> The actions of defendant in discharging plaintiff breached and were violative of the employee personnel manual in effect at the time of plaintiff's discharge

—but without attachment of that purported document to the petition or by other presentment to the trial court—does not accomplish an incorporation for the notice of the trial court or for ours on review. *Davis v. Long,* 521 S.W.2d 7, 8[3, 4] (Mo. App.1975). The supply of the employment documents by addendum to the appellate brief does not confer on them any new authenticity. *Id.* The record on appeal remains only the petition, and we confine review of the judgment of dismissal to its allegations.[8]

 In fact, the petition pleads a valid employment contract, and not an employment at the will of either party. It pleads successive employments as Librarian II for successive periods of one year each from 1981 until 1985, when she was reappointed for ninety days. That appointment was not renewed thereafter. The agreement by the employer that the employment is for a definite period is an enforceable contract term. The termination of the employee during that period not otherwise justified by the terms of employment is a breach of the contract for which an action for wrongful discharge lies. *Williams,* 294 S.W.2d 36, 38[2–4] (Mo.1956); *Dake,* 687 S.W.2d at 193; *Williams v. Jones,* 562 S.W.2d 391, 395[3, 4] (Mo.App.1978). The petition, however, does not allege any breach. It does not allege that any term of hire [the successive one-year appointments and then the ninety-day period] was interrupted by termination or suspension. It pleads only—given best intendment—that the failure to grant the "regularly received one year renewable contracts" was a wrongful discharge "violative of the employee personnel manual in effect at the time." The petition, however, does not plead any term of agreement that prior appointments create a right under the contract to reappoint-

who otherwise qualifies, with a cause of action for damages against the employer. *Dake v. Tuell,* 687 S.W.2d 191, 192 (Mo. banc 1985). Count I and Count II, as our opinion explains, undertake to plead recoveries under both of these statutes. They are found insufficient not because of any at will status of the plaintiff, but because—at least—the Curators are not amendable to suit on these tort causes of action on the principle of sovereign immunity.

**8.** The dismissal of the petition for failure to state a claim the judgment enters is without

prejudice. That order, although a final judgment for purpose of appeal and a final adjudication of that petition, did not preclude plaintiff from a commencement of another action prior to our appellate decision. *Hasemeier v. Smith,* 361 S.W.2d 697, 699[1, 2] (Mo. banc 1962). The plaintiff neither tendered the employment documents to the trial court to support the petition, nor, after dismissal, undertook a new petition based on the employment documents.

ment nor does the petition plead [as we note] any provision of the employee manual to that effect. If the validity of the manual is nevertheless to be assumed, section .2213 which the plaintiff's brief displays, declares explicitly: "No number of nonregular term appointments shall create any presumption of a right to reappointment on term or continuous basis."

In short, the petition pleads no obligation of contract the Curators have breached. The plaintiff completed all of her appointment periods without interruption. She simply was not reappointed after the completion of the September 1, 1985 to November 30, 1985 contract period. She was not terminated, but merely not rehired. She was then neither an employee at will nor a contract employee, but a nonemployee. The petition alleges no facts which, if proven, would allow the inference that the failure of the Curators to reappoint her to still another successive employment period was a violation of the contract of employment. *Williams*, 294 S.W.2d at 39[5, 6]. Count III was not a sufficient statement for a claim of wrongful discharge, and was properly dismissed by the trial court.

The judgment is affirmed.

All concur.