Richard DUNCAN, Plaintiff–Appellant,

v.

**CREVE COEUR FIRE PROTECTION DISTRICT, a municipal corporation, Defendant–Respondent.**

No. 58293.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 22, 1991.

Clyde E. Craig, St. Louis, for plaintiff-appellant.

John C. Garavaglia, Raskas, Ruthmeyer, Pomerantz, Wynne, Garavaglia & Susman, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from the order of the trial court dismissing all four counts of his petition against defendant. We affirm.

Plaintiff was employed by defendant as a fireman in 1974. He subsequently qualified as a licensed paramedic in 1975. His license lapsed in August 1987. Later that month "Defendant terminated Plaintiff's employment because of the failure to maintain a paramedic's license which was a condition of employment ..." In Count I plaintiff alleged that condition was not uni-

formly imposed on all other fire fighters employed by defendant and that therefore his discharge "was unreasonable, arbitrary, discriminatory, capricious and unjustified." In Count I he sought reinstatement and for money judgment equal to his loss of wages and benefits.

Count II sought actual and punitive damages for intentional infliction of emotional distress. He alleged that defendant subjected plaintiff to extreme emotional distress in connection with his employment followed by a list of generalized complaints such as verbal abuse and discriminatory treatment. No allegation was made that the distress was medically diagnosable and of sufficient severity to be medically significant.

Count III was entitled "Action for Denial of Constitutional Rights and Privileges." It incorporated the allegations of the prior two counts and alleged that his discharge was in violation of three amendments to the United States Constitution and four sections of the Missouri Constitution. What the nature of those violations were was not alleged. That count sought reinstatement and damages, actual and punitive.

Count IV alleged that plaintiff was discharged in 1982 and then reinstated as part of a settlement of a 42 U.S.C. § 1983 lawsuit instituted by plaintiff against defendant. He then alleged that "defendant's pattern of conduct, as aforesaid, was motivated in part by Defendant's desire and malicious intention to retaliate against plaintiff for filing the aforesaid suit ..." In this count he sought reinstatement and actual and punitive damages.

■ As a preliminary matter plaintiff contends that the trial court erred in failing to provide in its order an opportunity for plaintiff to amend his petition. In each of his points relied on plaintiff asserts that the count addressed "stated a cause of action, or could be amended to state a cause of action ..." The difficulty with plaintiff's position is that he never requested the trial court for leave to amend. Rule 67.06 provides that "On sustaining a motion to dismiss a claim ... the court shall

freely grant leave to amend ..." In *Conroy v. Solon Gershmann, Inc.*, 767 S.W.2d 381 (Mo.App.1989) [4–7] the court held that "no trial judge is required *sua sponte* to grant leave to amend a deficient pleading ... Where a plaintiff fails to seek leave to amend a deficient pleading, the court may assume that he 'has made the strongest presentation of his case which the facts permit and was satisfied with his pleading.'" We find no error in the trial court's failure *sua sponte* to grant plaintiff leave to amend. We review the plaintiff's petition on the basis of the facts alleged without regard to facts which he now contends might have been alleged.

■ In Count I plaintiff made no allegation that he was other than an at-will employee of defendant. He alleges no contract of employment which would provide other than an at-will employment. In this state an at-will employee may be discharged for cause or without cause. *Johnson v. McDonnell Douglas Corporation*, 745 S.W.2d 661 (Mo. banc 1988) [6]. The only exception to that doctrine is where the employee had the benefit of a constitutional provision, a statute or a regulation based on a statute. *Id.* [8]. No constitutional provision, statute, or regulation benefitting plaintiff is alleged. The most that is alleged is that the requirement for a paramedic's license is not required of all other fire fighters employed by defendant. That is not an allegation of a constitutional violation of equal protection as it does not allege that all other fire fighters are similarly situated to plaintiff in the nature of the work performed.

Plaintiff seeks to support Count I on the basis that the First Amendment to the United States Constitution forbids discharge of government employees because of their support for a particular political party. There is no allegation even suggesting that plaintiff was fired for his political affiliation. Nor is there any suggestion in plaintiff's petition that defendant failed to follow its own rules on discharge, another ground set forth in the brief. The trial court correctly dismissed Count I.

Count II seeks recovery in tort for intentional infliction of emotional distress. Defendant was alleged to be a fire protection district within the meaning of Sec. 321.010, R.S.Mo.1986. As such it is a political subdivision of the State and possesses sovereign immunity pursuant to Sec. 537.600, R.S.Mo.1986. *Light v. Lang*, 539 S.W.2d 795 (Mo.App.1976) [13]. The tort involved here does not arise from an exception to sovereign immunity. Further plaintiff has failed to allege an essential element of the tort—that the distress was medically diagnosable or medically significant. *Bass v. Nooney Company*, 646 S.W.2d 765 (Mo. banc 1983) [4]; *Hendrix v. Wainwright Industries*, 755 S.W.2d 411 (Mo.App.1988) [1]. Count II was properly dismissed.

Count III was no more than a reassertion of the wrongful discharge alleged in Count I with some conclusory allegations identifying constitutional provisions purportedly violated in some unidentified manner. Count III was properly dismissed.

Count IV purports to state a cause of action for retaliatory discharge. To the extent, at least, that it seeks actual and punitive damages it is barred by sovereign immunity. *Krasney v. Curators of the University of Missouri*, 765 S.W.2d 646 (Mo.App.1989) [2–7]. Further it specifically alleges that retaliation was only *in part* the cause of plaintiff's termination. Obviously, if the other part was non-retaliatory no action lies for wrongful discharge. The petition alleges that the reason for discharge was plaintiff's failure to meet a condition of the job—licensing as a paramedic. Count IV was properly dismissed.

Judgment affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.