**Pamela KING, Plaintiff/Appellant,**

v.

**PROBATE DIVISION, CIRCUIT COURT OF THE COUNTY OF ST. LOUIS, 21st JUDICIAL CIRCUIT, Defendant/Respondent.**

Nos. 72226, 72344.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 23, 1997.

Jerome J. Dobson, Jonathan C. Berns, Gregory A. Rich, Weinhaus and Dobson, St. Louis, for plaintiff/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Andrew J. Lay, Asst. Atty. Gen., St. Louis, for defendant/respondent.

CRANE, Presiding Judge.

A circuit court employee filed an action against the court seeking damages and other relief for employment discrimination, retaliatory discharge, and wrongful discharge. Employee claims that the trial court erred in dismissing her retaliatory discharge claim. The sole issue is whether sovereign immunity bars a state employee's retaliatory discharge claim under the Workers' Compensation Law, Section 287.010 *et seq.* RSMo (1994). We hold that it does and affirm.

In her retaliatory discharge count, plaintiff, Pamela King, alleged that, while she was employed full-time as an auditor by defendant, the Probate Division of the Circuit Court of the County of Saint Louis, 21st Judicial Circuit, she injured her neck, right arm, and right shoulder in an accident at work. She claimed and received medical benefits under the Workers' Compensation Act and filed a claim for workers' compensation benefits. Plaintiff further alleged that defendant discharged plaintiff from her position because she had been injured on the job and was exercising her legal rights under the Workers' Compensation Law.

The case was transferred to another circuit where the trial court dismissed the retaliatory discharge count on the grounds of sovereign immunity. After the remaining counts were finally disposed of, plaintiff appealed.[1]

In her sole point on appeal, plaintiff argues that the trial court erred in dismissing Count II from her First Amended Petition because Missouri has expressly waived its immunity from liability and suit for retaliatory discharge. We disagree.

Under Section 537.600 RSMo (1994), the State of Missouri and its agencies are im-

---

1. Plaintiff has misidentified the judgment she is appealing from. We are overlooking this error in order to decide this case on the merits.

mune from liability and suit for compensatory damages for tortious acts, except to the extent waived.[2] Plaintiff argues that the Missouri legislature waived its sovereign immunity in workers' compensation cases by extending the Workers' Compensation Law, Section 287.010 *et seq.* to cover state employees. Section 287.780 of that act provides that any employee who has been discharged or discriminated against for exercising any of that employee's rights under the act shall have a civil action for damages against the employer. Plaintiff contends that this provision was extended to state employees along with the other provisions of the act, thereby waiving sovereign immunity.

Our Western District considered and rejected this argument in *Krasney v. Curators of Univ. of Mo.*, 765 S.W.2d 646 (Mo.App. 1989). In that case the court held that "[n]either Sec. 287.780 nor any other component of the Workers['] Compensation Law expresses an intention to submit a governmental entity to liability for tort for breach of that retaliatory discharge provision." *Id.* at 650. The court held that in Section 105.850 RSMo (1994) the legislature expressly disclaimed an intent to waive immunity from tort liability. *Id.* Section 105.850 provides:

**Sovereign immunity not waived.**—Nothing in sections 105.800 to 105.850 shall ever be construed as acknowledging or creating any liability in tort or as incurring other obligations or duties except only the duty and obligation of complying with the provisions of Chapter 287, RSMo.

The court held that this provision means that, "any intimations to the contrary notwithstanding, none of the provisions of the Workers['] Compensation Law shall be construed as a waiver of sovereign immunity in favor of a state employee." *Krasney*, 765 S.W.2d at 650. This district has followed and applied *Krasney*. *See Duncan v. Creve Coeur Fire Protection District*, 802 S.W.2d 205, 207 (Mo.App.1991). The Western District has continued to so hold. *See Kennedy v.*

*Office of Admin., Div. of Design and Constr.*, 917 S.W.2d 213 (Mo.App.1996).

Plaintiff, however, urges that *Krasney* was wrongly decided. She argues that the *Krasney* court did not consider the last portion of Section 105.850 which provides "except only the duty and obligation of complying with the provisions of [C]hapter 287, RSMo." She maintains that this language was employed to demonstrate that the state was not waiving its immunity in any areas other than those encompassed within the Workers' Compensation Law, but was waiving immunity in all areas covered by that act.

 In construing a statute, a court must examine the plain and ordinary meaning of the words. *Casady v. Bd. Of Governors*, 875 S.W.2d 909, 913 (Mo.App.1994). Furthermore, waivers of sovereign immunity are narrowly construed in order "to preserve the state's sovereign rights and protect its capacity to perform necessary governmental functions." *Carpenter v. King*, 679 S.W.2d 866, 868 (Mo. banc 1984). The waiver must show an express consent to be sued. *Krasney*, 765 S.W.2d at 650. When the General Assembly waives immunity regarding costs, it does so explicitly. *Richardson v. State Hwy. & Transp. Com'n.*, 863 S.W.2d 876, 882 (Mo. banc 1993).

Plaintiff would have us read Section 105.850 so that the phrase "except only the duty and obligation ..." would follow and modify the word "tort." The structure and meaning of the sentence do not allow such a reading. The word "tort" is followed by the words "or as incurring other obligations or duties." The phrase "except only the duty and obligation" follows this phrase and specifically modifies and makes an exception to "other obligations or duties," not to the word "tort." Under this section the state has the duty and obligation to comply with the provisions of Chapter 287, but has not waived tort liability in connection therewith.

Next, plaintiff argues that the Missouri Supreme Court implicitly overruled *Krasney* in *Smith v. Thirty–Seventh Judicial Circuit*,

**2.** The exceptions listed in Section 537.600 include liability for injuries caused by the operation of motor or motorized vehicles within the course of a public employee's employment and for injuries caused from dangerous conditions on public property. These exceptions are inapplicable to the present case.

847 S.W.2d 755, 757 (Mo. banc 1993). We disagree. The opinion in *Thirty–Seventh Judicial Circuit* dealt exclusively with whether a circuit court employee was a state employee for workers' compensation purposes and whether the county in which the circuit court sat was liable for the employee's workers' compensation claim. It did not address a state employee's right to file suit under Section 287.780.

The trial court did not err in dismissing the retaliatory discharge count. The judgment is affirmed.

SIMON and RHODES RUSSELL, JJ., concur.