

## SUPREME COURT OF MISSOURI

# en banc

| | | |
|---|---|---|
| TRAVIS POKE, | ) | *Opinion issued July 12, 2022* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99384 |
| | ) | |
| INDEPENDENCE SCHOOL DISTRICT, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### The Honorable Jennifer Phillips, Judge

Travis Poke sued Independence School District alleging he had been fired in retaliation for filing a workers' compensation claim in violation of section 287.780.[1]  The circuit court dismissed Poke's claim on the ground that the school district was protected by the doctrine of sovereign immunity.  The issue before this Court, therefore, is not whether Poke has a valid claim of retaliation.  Instead, the only issue is whether such claims can be asserted against the School District by any employee under any circumstances.  Because the plain language of section 287.780 and related statutes shows the general assembly

---

[1] All statutory references are to RSMo 2016, as supplemented through the date the School District terminated Poke's employment, unless otherwise specified.

expressly waived whatever immunity the school district might have had, the judgment of the circuit court is reversed and this case is remanded for further proceedings.

## Background

Poke was employed by the school district as a custodian. In December 2019, Poke was injured while folding a cafeteria table. Poke aggravated his injury by lifting a full garbage bag while working in January 2020. Poke independently sought medical treatment and was diagnosed with a hernia. He initiated a workers' compensation claim with the school district. The school district directed Poke to an authorized treatment provider, who diagnosed Poke with inguinal tenderness. As requested, Poke also provided the authorized treatment provider with a urine sample.

Poke returned to work. Thereafter, the school district discharged Poke because his urine sample tested positive for marijuana, violating the school district's drug policy. The school district denied Poke's workers' compensation claim based upon his positive drug test.

In February 2020, Poke filed suit under section 287.780 of the Workers' Compensation Law. Poke alleged the school district's stated basis for terminating his employment was pretextual and he was actually discharged in retaliation for exercising his workers' compensation rights. The school district denied Poke's allegation and asserted his claim was barred by governmental, sovereign, and/or Eleventh Amendment immunity. Subsequently, the school district filed a motion for summary judgment, arguing it was entitled to sovereign immunity from Poke's workers' compensation retaliation claim.

2

The circuit court sustained the school district's motion, finding the school district was "entitled to summary judgment based on binding legal precedent holding that Missouri school districts have sovereign immunity with respect to workers' compensation retaliation claims." The circuit court's decision relied upon *Krasney v. Curators of University of Missouri*, 765 S.W.2d 646 (Mo. App. 1989), and *King v. Probate Division, Circuit Court of County of St. Louis, 21st Judicial Circuit*, 958 S.W.2d 92 (Mo. App. 1997).

This appeal follows.[2]

## Standard of Review

Review of the grant of summary judgment is *de novo*. *See Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). Additionally, "[t]he existence of sovereign immunity and questions of statutory interpretation are issues of law, which [this court] review[s] *de novo*." *Moore v. Lift for Life Acad., Inc.*, 489 S.W.3d 843, 845 (Mo. App. 2016).

## Analysis

Poke argues the circuit court erred in finding the school district enjoyed sovereign immunity from his workers' compensation retaliation claim. Poke contends that, because the legislature included the state and political subdivisions, such as school districts, as employers for the purposes of the Workers' Compensation Law, workers' compensation retaliation claims are authorized against the school district.

---

[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

Section 287.780 creates a private right of action for employees who have been discharged or discriminated against by their employer for exercising their workers' compensation rights. Specifically, section 287.780 provides:

> No employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination. Any employee who has been discharged or discriminated against in such manner shall have a civil action for damages against his or her employer. For purposes of this section, "motivating factor" shall mean that the employee's exercise of his or her rights under this chapter actually played a role in the discharge or discrimination and had a determinative influence on the discharge or discrimination.

Correspondingly, section 287.030 defines "employer" as used in the Workers' Compensation Law, providing:

> 1. The word "employer" as used in this chapter shall be construed to mean:
> ….
> (2) The state, county, municipal corporation, township, school or road, drainage, swamp and levee districts, or school boards, board of education, regents, curators, managers or control commission, board or any other political subdivision, corporation, or quasi-corporation, or cities under special charter, or under the commission form of government[.]

Significantly, the legislature amended sections 287.780 and 287.030 in 1973 and 1974, respectively. Prior to section 287.780's amendment in 1973, the Workers' Compensation Law did not create a private right of action for workers' compensation retaliation claims. Instead, section 287.780, RSMo 1969, provided an employer's discharge of, or discrimination against, an employee for exercising his or her workers' compensation rights constituted a criminal misdemeanor. *See also Cook v. Hussmann Corp.*, 852 S.W.2d 342, 344 (Mo. banc 1993) (explaining section 287.780 "created a judicially cognizable independent tort" following its amendment in 1973); *Christy v.*

4

*Petrus*, 295 S.W.2d 122, 126-28 (Mo. banc 1956) (holding the pre-1973 version of section 287.780 provided no basis for a claim of damages). Likewise, prior to section 287.030.1(2)'s amendment in 1974, governmental entities were not automatically included in the definition of "employer." Instead, section 287.030.1(2), RSMo 1969, contained a similar list of governmental entities but stated those governmental entities were considered employers for the purposes of the Workers' Compensation Law only if they "elect[ed] to accept this chapter by law or ordinance." Consequently, based upon a natural reading of sections 287.780 and 287.030, particularly in light of their revisions, it is apparent (1) the school district falls within the Workers' Compensation Law's definition of "employer"[3] and (2) employers are subject to civil actions for damages if they discharge or discriminate against an employee for exercising his or her workers' compensation rights.

When analyzing whether a governmental entity can be liable for damages, however, this Court must also determine whether the legislature waived sovereign immunity. In Missouri, "in the absence of an express statutory exception to sovereign immunity, or a recognized common law exception …, sovereign immunity is the rule and applies to all suits against public entities." *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921-22 (Mo. banc 2016). To overcome the general rule of sovereign immunity, it must be shown that the legislature expressly intended to waive sovereign immunity. *Bachtel v. Miller Cnty. Nursing Home Dist.*, 110 S.W.3d 799, 804 (Mo. banc 2003).

---

[3] The school district does not dispute it falls within the Workers' Compensation Law's definition of "employer."

5

This Court's primary task, therefore, is to determine whether section 287.780 provides the express showing of legislative intent required to waive sovereign immunity for workers' compensation retaliation actions brought against governmental entities. Poke avers that, pursuant to this Court's holding in *Bachtel*, section 287.780 constitutes an express waiver of sovereign immunity when read in conjunction with section 287.030.1's definition of "employer."

In *Bachtel*, two former nursing home employees filed suits for damages against a nursing home, alleging they were wrongfully discharged in retaliation for reporting violations of the Omnibus Nursing Home Act, chapter 198, RSMo 2000. *Id.* at 800-01. This Court first found the Omnibus Nursing Home Act provided a private right of action for nursing home employees who were retaliated against for reporting acts of abuse and neglect. *Id.* at 801-02. The key issue was whether a nursing home district, a political subdivision of the state, could be sued for violating the Omnibus Nursing Home Act when the act did "not contain specific language stating that the doctrine of sovereign immunity [was] waived as to nursing home districts." *Id.* at 802-03.

This Court definitively answered in the affirmative, reasoning, "While the most common way to express that intent may be to specifically state that sovereign immunity is waived, the legislature also expresses its intent through other language." *Id.* at 804. The legislature is not required to use "certain magic words." *Id.* Accordingly, because "an employee of a private nursing home can sue under the provisions of the Act for retaliation, and as the provisions so permitting are expressly made applicable to nursing home districts,

their language provides the express showing of legislative intent required to find a waiver of sovereign immunity." *Id.* at 805.

The analysis in *Bachtel* is highly instructive to this Court's consideration of sections 287.780 and 287.030 in the instant case. Just as in *Bachtel*, here the legislature (1) created a private right of action that can be brought against any employer who retaliates against an employee for exercising his or her workers' compensation rights, section 287.780 and (2) specifically included governmental entities in the Workers' Compensation Law's definition of "employer," section 287.030. Consequently, considered together, sections 287.780 and 287.030 reflect an express showing of legislative intent to waive the school district's sovereign immunity for Poke's workers' compensation retaliation claim. *Bachtel*, 110 S.W.3d at 805.[4]

---

[4] To the extent *Krasney*, 765 S.W.2d at 650, and *King*, 958 S.W.2d at 93, hold sections 287.780 and 287.030 are insufficient to establish express legislative intent to waive sovereign immunity, they are overruled. *See also Wyman v. Mo. Dep't of Mental Health*, 376 S.W.3d 16, 21 (Mo. App. 2012) (noting *Krasney*'s holding on this point was questionable in light of *Bachtel*).

Additionally, the parties and prior appellate cases devoted significant time analyzing the potential impact of section 105.850 on the waiver of sovereign immunity under section 287.780. Section 105.850 provides: "Nothing in sections 105.800 to 105.850 shall ever be construed as acknowledging or creating any liability in tort or as incurring other obligations or duties except only the duty and obligation of complying with the provisions of chapter 287." However, section 105.850 is not applicable here because section 105.850 addresses only state civil liability and the school district is not the state. *See S.M.H. v. Schmitt*, 618 S.W.3d 531, 534 (Mo. banc 2021) ("[P]ublic school districts in Missouri are regularly considered political subdivisions—not agencies of the state."); *see also Krasney*, 765 S.W.2d at 650 (involving the board of a state university); *King*, 958 S.W.2d at 93 (involving a state court); *Wyman*, 376 S.W.3d at 21-22 (involving a state agency); *Wille v. Curators of Univ. of Mo.*, 627 S.W.3d 56, 63-65 (Mo. App. 2021) (involving the board of a state university). Moreover, Poke neither attempted to bring his action pursuant to sections 105.800 to 105.850 nor argued those sections are the source of the school district's waiver of sovereign immunity. This Court will consider the impact, if any, of section

**Conclusion**

For the reasons set forth above, the circuit court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Robin Ransom, Judge

Wilson, C.J., Russell, Breckenridge, Fischer and Draper, JJ., and Broniec, Sp.J., concur.
Powell, J., not participating.

---

105.850 on section 287.780's waiver of state sovereign immunity should an appropriate case arise.