STATE OF MISSOURI, *ex rel.*, WILLIAM R. SIMMS, Respondent, *vs.* ALFRED CARPENTER, WILLIAM C. CHAPMAN AND DANIEL D. BOYCE, Appellants.

1. *Costs, criminal—Indictment—Sentence to a county jail—Costs paid by county.*
—Under an indictment for murder, defendant was found guilty of manslaughter in the third degree, and sentenced to imprisonment for one year in the penitentiary. Afterward the verdict having been set aside, and a new trial granted, he pleaded guilty to manslaughter in the third degree, and was sentenced to confinement in the county jail, and to a fine of one hundred dollars. The prisoner being insolvent, held that the county was liable for all the costs. (See W. S., pp. 348–349, §§ 1, 2.)

*Appeal from Harrison Circuit Court.*

*Chandler, Sherman & Alvord*, for Appellants.

*Heaster & Howell*, for Respondents.

WAGNER, Judge, delivered the opinion of the court.

It appears from the record, that one Strickland was indicted in the Harrison County Circuit Court for the crime of murder in the first degree.

On a trial before a jury he was convicted of manslaughter in the third degree, and his punishment fixed in the verdict was, confinement in the penitentiary for the period of one year. On his motion the court set aside the verdict, and granted him a new trial, and afterwards he voluntarily appeared and pleaded guilty of manslaugter in the third degree, and the court assessed his punishment at three months imprisonment in the county jail, and a fine of one hundred dollars.

Strickland being insolvent, the judge and Circuit Attorney examined and certified the bill of costs, which had accrued in the case, to be paid by the county. The County Court ordered the payment of all the costs which were made subsequent to the plea of guilty by the prisoner, and refused the payment of the costs which accrued previous thereto. The relator then applied for a mandamus to compel payment which the court awarded, and the defendant appealed.

It is now insisted that all the costs of the proceeding which were made prior to the time the prisoner pleaded guilty and

was sentenced to a fine and imprisonment in the county jail, were properly chargeable to the State, and not to the county.

The statute in relation to criminal costs, provides, that they shall be paid by the State in all capital cases in which the defendant shall be convicted, and shall be unable to pay them; and in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary, and shall be unable to pay them. And the county in which the indictment is found, shall pay the costs in all cases where the defendant is sentenced to imprisonment in the county jail, and to pay a fine, or either of these modes of punishment, and is unable to pay them. (1 W. S., pp. 348-9, §§ 1, 2.)

Before the State can be made liable to pay costs in a criminal prosecution, it is necessary that the defendant should be convicted of a capital offense, or that he should be sentenced to imprisonment in the penitentiary. Neither of these occurrences took place in this case. It is true the jury brought in a verdict in favor of punishing him by imprisonment in the penetentiary, but the court passed no sentence thereon; on the contrary, it set the same aside. There was then nothing final, either as to conviction or sentence.

The operation and effect was the same as if there had been a mis-trial, and no liabilities or rights were determined thereby.

But when the case was ultimately and finally disposed of, the result was a conviction and sentence to pay a fine, and be imprisoned in the county jail. This was the sentence that established the character of the offense, and made the costs a charge against the county.

Although the indictment was for a capital crime, and under it the prisoner might also have been convicted of a felony, punishable by imprisonment in the penitentiary, yet it is also true, that it was competent to find him guilty of a less degree or grade of crime, by which the punishment would be reduced to imprisonment in the county jail, or by such imprisonment coupled with a fine. It is the conviction and sentence in such case which establishes the grade of the offense, for the pur-

pose of fixing the liability for costs, and not the allegations contained in the indictment. This is the only question we are called upon to review.

As to the items in the bill we think they were all properly certified as costs in the case.

Judgment affirmed. The other judges concur.