RICHARD WATSON v. P. G. RICKARD, *et al.*

SCHOOL APPARATUS, *Unauthorized Purchase of; Director and Clerk, Not Liable.* Where the clerk and director of a school district purchase school apparatus for the district, from W., and give W. an order on the school-district treasurer for the amount to be paid for such apparatus, and the school district receives the apparatus, and the said clerk and director had no authority from the school district to purchase said apparatus, or to draw said order for the same, and all the parties had knowledge of all the facts relating to the matter, and their mistake in making the purchase and sale, and in drawing and receiving the order, was one of law and not one of fact, *held,* that the clerk and director are not personally and individually liable for the amount of the order.

*Error from Sedgwick District Court.*

ACTION brought by *Watson* against *Rickard* and another, upon a certain order drawn upon the treasurer of School District No. 51, of Sedgwick county. Trial, and judgment for the defendants, at the May Term, 1880, of the district court. The plaintiff brings the case here. The facts appear in the opinion.

*Stanley & Wall,* for plaintiff in error.

*Sluss & Hatton,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Richard Watson against P. G. Rickard and H. L. Dewing, personally, upon the following instrument in writing, to wit:

"MARCH 2, 1877.—Treasurer of School District No. 51, county of Sedgwick, Kansas, pay to N. Wood & Co., or bearer, the sum of forty-seven dollars and — cents, for school apparatus, (interest ten per cent.,) out of any funds in your possession raised or appropriated for such purpose.

P. G. RICKARD, <em>District Clerk.</em>

$47.00.                    H. L. DEWING, *Director.*"

The plaintiff in his petition alleges that the defendant P. G. Rickard was clerk and the defendant H. L. Dewing was director of said School District No. 51, and that said instru-

ment in writing was given to N. Wood & Co. by the defendants for said School District No. 51; that the defendants were never authorized by said school district, or by any vote of the members thereof, to purchase said school apparatus, and that they had no such authority, nor any authority from the district, to give said order; and that said N. Wood & Co. knew these facts, but that they were unknown to the plaintiff; and that the plaintiff was at the time of the commencement of this action the owner and holder of said instrument in writing, by purchase and delivery. The defendants answered, admitting substantially all the above facts, and further alleging, among other facts, the following:

"That at the time of said purchase and issuing said order the defendants and said N. Wood & Co. supposed and believed that the said school-district board had authority *in law*, by virtue of their powers as such school-district board, to make such purchase and issue said order *without such vote or authority of a school meeting;* and said purchase was made and said school order was issued by said defendants by reason of their said belief as to the law, and said school order was taken and accepted by said N. Wood & Co., by reason of their belief that said board and said defendants had authority in law to make such purchase and issue said order as the act of said school district."

To this answer the plaintiff interposed a demurrer, which the court below overruled. The plaintiff then brought the case to this court.

The only question now to be considered is, whether said demurrer was rightly overruled or not. We do not think that the court below committed any error in overruling it. We think that the defendants' answer stated a good defense to the plaintiff's petition; and indeed it is doubtful whether the petition itself stated any cause of action. The facts, as shown by the petition and answer taken together, are substantially as follows: H. L. Dewing was director of School District No. 51 of Sedgwick county, Kansas, and P. G. Rickard was the clerk of said district, and the two together constituted a majority of the school-district board. N. Wood & Co. sold

to them certain school apparatus, exclusively for the school district—the members of the board never having or obtaining any personal interest therein—and they executed the instrument sued on in this case. They had no authority from the school district to purchase said apparatus, because they had never been authorized so to do by any vote or at any meeting of the school district. Both the defendants and N. Wood & Co. were acquainted with all the facts, but all labored under a mistake of law, believing that the defendants had authority in law to make the purchase and to issue said order, without any special authority being given to them by the school district. Afterward the order was sold and transferred by delivery by N. Wood & Co. to the plaintiff Watson, who was not acquainted with the foregoing facts.

Upon these facts, are the defendants personally liable? We think not. (*Duncan v. Niles*, 32 Ill. 532; *Mann v. Richardson*, 66 Ill. 481; *Abeles v. Cochran*, 22 Kas. 405.) There is no pretense that the defendants intended at the time of issuing the order to bind themselves, nor that N. Wood & Co. understood that they intended to bind, or were in fact binding themselves, but it was understood by all the parties that the defendants were binding the school district only; and under the pleadings the mistake committed by all the parties was a mistake of law, and not a mistake of fact.

The plaintiff does not seem to claim in this court that he has any rights merely by virtue of being an innocent purchaser of the instrument sued on. He says in his brief that "The only question presented in this case is, are the officers of a school district individually liable where they exceed their authority in the purchase of goods in such manner as to impose no liability on the district to pay therefor?" The plaintiff does not seem to claim in this court that he stands in any better condition than N. Wood & Co. would if they were the plaintiffs, and we do not think that he does. The instrument sued on really showed upon its face its nature and character. It showed that it was a school-district order, drawn by two of the school-district officers upon their treasurer, and that it

was simply intended to appropriate school-district money to the payment of a claim against the district. The instrument shows so plainly what it was intended to be, that we do not think that the plaintiff could be an innocent and *bona fide* purchaser thereof. It must be presumed that he knew for what purpose it was given, and that the defendants did not intend to make themselves personally liable thereon. At least there was enough upon the face of the instrument to put him upon inquiry.

The judgment of the court below will be affirmed.

All the Justices concurring.