BERT MERRILL AND W. F. PETILLON v. P. H. YOUNG.

No. 112.

SCHOOL-DISTRICT OFFICERS — *guaranteeing written instrument, personally liable on:* Defendants signed a written instrument, which reads as follows :

"State of Kansas, County of Ford, Twp. of Grandview, Dis. No. 16. Treasurer of School District No. 16, in said Co. and State 15th Jan., 1890, will pay to the Education Aid Association or bearer, the sum of thirty-three and one-third dollars, with interest at ten per cent., out of any money belonging to said district. For 'Learning to do by Doing.' Dictionary of Arithmetical Business Methods and Bookkeeping Forms Illustrated, with Cabinet Easel Lock Case. Business Methods and Bookkeeping. Issued by authority of officers of said District and payment guaranteed by, BERT MERRILL, W. F. PETILLON,

"Officers' P. O. address, Dodge City. *School Officers.*"

*Held,* to create a personal obligation upon defendants, and that the trial court did not err in sustaining a motion to strike the answer of defendants from the files, where such answer sets up a defense contrary to the express terms of said written instrument.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed January 6, 1897. *Affirmed.*

*Sutton & McGarry,* for plaintiffs in error.

*B. F. Milton,* for defendant in error.

COLE, J. Plaintiffs in error executed an instrument in writing which reads as follows :

"State of Kansas, County of Ford, Twp. of Grandview, Dis. No. 16. Treasurer of School District No. 16, in said Co. and State, 15th Jan., 1890, will pay to the Education Aid Association or bearer, the sum of thirty-three and one-third dollars, with interest at ten per cent., out of any money belonging to said district. For 'Learning to do by Doing.' Dictionary of Arithmetical Business Methods and Bookkeeping Forms Illustrated, with Cabinet Easel .Lock Case. Business Methods and Bookkeeping. Issued by authority of officers of said District and payment guaranteed by, BERT MERRILL, W. F. PETILLON, *School Officers.*

"Officers' P. O. address, Dodge City."

This action was brought upon said instrument and two others of a like character. The bill of particulars filed by plaintiffs below alleged that the instruments upon which suit was brought were executed by plaintiffs in error, defendants below, in their individual capacity, and asked judgment against them as individuals. A demurrer was filed to the bill of particulars, and the overruling of said demurrer by the District Court is alleged as the first error.

We cannot consider this assignment of error for the reason that the record expressly discloses that no exception was taken to this ruling of the District Court.

The next error complained of is the ruling of the District Court sustaining the motion of the plaintiff below to strike the amended answer of the defendants from the files, for the reason that the defense set up therein was contrary to the express agreement, and varied the terms, of the written instrument sued on. There was no error in this ruling of the District Court. The answer in question set up as a defense, in substance, that the written instruments upon which the suit was brought were not executed by defendants below, plaintiffs in error, in their individual capacity, but as officers of the school district; and further alleged that, at the time of their execution, it was well understood by both parties thereto that the defendants did not intend to bind themselves individually.

The answer further alleged that the property was bought exclusively for the use of the school district, which was well understood by all parties to the transaction. Counsel for plaintiff in error rely upon the case of *Watson v. Rickard* ( 25 Kan. 662 ). We are of the opinion that the decision in that case cannot govern in this one. It is true that the instrument sued

upon in this case bears upon it all the marks of an ordinary school order. It is directed to the treasurer of the school district and requests said officer to pay a certain sum of money; but at the same time the defendants below, plaintiffs in error, guarantee the payment of said order, and they cannot now be permitted to set up a defense which attempts to vary and modify the terms of their written contract. It is also true that the words, "School officers," appear immediately after the signatures of the plaintiffs in error. These words, however, are merely descriptive in their character and do not change the force of the obligation. *Fort Scott Coal Co. v. Sweeney*, 15 Kan. 245; *Wing v. Glick*, 56 Iowa, 473, and cases there cited.

These are the only questions raised by the briefs of counsel, and it follows from what has been said upon them that the judgment of the District Court must be affirmed.