FRED W. CRAMER v. FORREST SMITH, as State Auditor, Appellant, ROY McKITTRICK, as Attorney General, Defendant, GEORGE S. MONTGOMERY, FRED W. KLABER and LESLIE I. GEORGE, as Judges of the County Court of Jackson County, Missouri, Appellants, and BERNARD T. FLANNERY, as Circuit Clerk of Jackson County, Missouri, Defendant, and JACKSON COUNTY, a Political Subdivision of the State of Missouri, Appellant.—No. 38226.—168 S. W. (2d) 1039.

Court en Banc, February 11, 1943.

*Floyd R. Gibson*, County Counselor, and *Virgil Yates*, Assistant County Counselor, for appellants, George S. Montgomery, Fred W. Klaber and Leslie I. George, Judges of Jackson County Court and Jackson County.

*Roy McKittrick,* Attorney General, and *William B. Teasdale,* Assistant Attorney General, for appellant, Forrest Smith.

738

*Fred B. Mertsheimer* and *John C. Grover* for respondent.

LEEDY, J.—This is an appeal by defendants in a proceeding brought under the Declaratory Judgments Act to obtain a decree declaratory of the rights of plaintiff (respondent) with respect to the taxing and payment of an item of criminal costs. The facts are not in dispute, and the case turns on the construction to be given certain criminal costs statutes. The parties will be referred to as they were styled in the trial court.

The facts are these: One Butts was convicted in Division #8 of the Jackson Circuit Court of a capital offense. He was sentenced to the extreme penalty, in accordance with the verdict, and appealed. Plaintiff, as the official reporter of said court, in obedience to an order made under Section 13344,[1] furnished Butts a transcript of

[1] ". . . *Provided*, that in criminal cases where an appeal is taken or a writ of error obtained by the defendant, and it shall appear to the satisfaction of the court that the defendant is unable to pay the costs of such transcript for the purpose of perfecting the appeal, the court shall order the same to be furnished and the court reporter's fees for making the same shall be taxed against the state or county as may be proper; . . ." [Sec. 13344 R. S. '39; Mo. S. A. sec. 13344.]

the testimony for the purposes of said appeal. Division II of this court reversed said conviction, and remanded the case for new trial. [State v. Butts, 349 Mo. 213, 159 S. W. (2d) 790.] It remains undisposed of on docket of the trial court.

The circuit clerk taxed the costs of said transcript against the state, and issued a fee bill for said single item. It was examined by the prosecuting attorney and judge, found to be correct, and certified to the State Auditor for payment. The State Auditor refused to approve said fee bill, and to draw a warrant for the same for the reason said criminal case had not been determined within the meaning of Section 4236.[2] The trial court held, among other things that the state is liable for said transcript fee, and that it became the duty of the auditor, upon presentation of the fee bill, to forthwith draw a warrant for the payment of the same.

"At common law costs as such in a criminal case were unknown. As a consequence it is the rule as well in criminal as in civil cases that the recovery and allowance of costs rests entirely on statutory provisions—that no right to or liability for costs exists in the absence of statutory authorization. Such statutes are penal in their nature, and are to be strictly construed." [20 C. J. S. p. 677.]

Sections 4221[3] and 4222[4] impose liability for costs (except those incurred on the part of defendant) on the state or county, respectively, on *conviction* of an *indigent* defendant under the particular circumstances enumerated in said sections. Where the defendant is *acquitted*, liability for costs is imposed under the formula prescribed by Section 4223.[5]

---

[2] "The clerk of the court in which any criminal cause shall have been determined or continued generally shall, immediately after the adjournment of the court and before the next succeeding term, tax all costs which have accrued in the case; and if the state or county shall be liable under the provisions of this article for such costs or any part thereof, he shall make out and deliver forthwith to the prosecuting attorney of said county a complete fee bill, specifying each item of services and the fee therefor." [Sec. 4236 R. S. '39; Mo. S. A. sec. 4236.]

[3] Said section, insofar as pertinent to the present inquiry, reads: "In all capital cases in which the defendant shall be *convicted*, and in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary . . . the state shall pay the costs, if the defendant shall be unable to pay them, except costs incurred on behalf of defendant. . . ." (Italics ours.) [Sec. 4221 R. S. '39; Mo. S. A. sec. 4221.]

[4] "When the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs, the county . . . shall pay the costs, except such as were incurred on the part of the defendant." [Sec. 4222 R. S. '39; Mo. S. A. sec. 4222.]

[5] "In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law. [Sec. 4223 R. S. '39; Mo. S. A. sec. 4223.]

740

█ It is not contended that the provision of Section 13344, that the "court reporter's fee for making the same [transcript] *shall be taxed against the state or county as may be proper,*" (Emphasis ours) which is found in Chapter 94 in relation to court reporters, authorizes a judgment, as for costs, against either the state or county *as of the time the order is made.* A fair construction requires us to hold that the language means said fee is to be taxed *as costs,* in the same manner as other costs are taxed, but with ultimate liability for the same on the state or county as may be proper under the general statutes in relation to criminal costs. Being thus relegated to the general statutes, it is apparent the provision of Section 13344 casting liability for such transcript on "the state or county as may be proper" cannot be reconciled with Sections 4221 and 4222, both of which expressly provide that neither the state nor county shall pay such costs "as were incurred on the part of defendant." Section 13344, being the later enacted statute, must be held to have repealed, by necessary implication, the contrary provisions of Sections 4221 and 4222, to the extent noted.

█ This brings us to the primary contention of plaintiff, viz.: That notwithstanding Butts' appeal, the judgment of conviction and pronouncement of sentence by the trial court, "determined" said case, within the meaning of Section 4236, supra, so as to render the costs payable, and that by virtue of Sections 13344 and 4221 the state is liable therefor, because the conviction was for a capital offense. The trial court so held.

Referring to Section 4236, supra, it will be seen that it is the duty of the clerk to tax the costs and issue fee bills in criminal cases when the same "shall have been determined or continued generally." The verb determine "has been variously defined, the three principal senses being to ascertain, to bound, and to terminate." [26 C. J. S. pp. 1257-1258.] "To put or set an end to; to bring to a close; to terminate." [Webster's International Dict.] In Hanchett Bond Co. v. Glore, 208 Mo. App. 169, 232 S. W. 159, it was said, "The term 'determination' may 'properly, and according to legal use as well as according to its derivation, signify the coming to an end in any way whatever . . . *more specifically, the final result of a proceeding.*' 18 C. J. 983." (Italics, the present writer's.) We hold the term "determined" was used in Section 4236, in the sense of terminated, or brought to an end, finished [26 C. J. S. p. 1259] —and this not merely insofar as the trial court might have been presently concerned, but as implying a finality. As thus construed, this provision harmonizes with the scheme of the statute for the certification, allowance and payment of criminal costs through the medium of a "complete" fee bill. Only items omitted by oversight or mistake of the clerk may be certified in a supplemental bill, for which supplemental bill the clerk is expressly denied compensation. [Section 4244 R. S. '39.] The criminal costs statutes hereinabove

set out do not contemplate that the costs in a particular case shall be paid in part by the county, and in part by the state. It frequently occurs that an indigent is convicted of such an offense as to cast the costs on the state, and upon retrial, following appeal, or the trial court's action in setting the conviction aside, he receives punishment which makes the county liable for the costs. This was precisely the situation in State ex rel. Simms v. Carpenter et al., 51 Mo. 555, where a statute substantially like our present Section 4221 was so construed.

Other questions are raised but in view of the disposition being made of the case they need not be decided, except this: The two-year statute of limitations [Section 13038 R. S. '39, providing, "Persons having claims against the state shall exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within two years after such claims shall accrue, and not thereafter."] does not begin to run against criminal costs taxable against the state until such costs shall have accrued; and it is apparent they do not accrue, within the meaning of the statute, until the final determination of the case.

As the Butts case stands today, the defendant therein has not been convicted so as to make either the state or county liable for the costs under Sections 4221 and 4222, nor has he been acquitted so as to make Section 4223 apply. It follows that the decree must be reversed, and the cause remanded with directions to enter a decree in conformity with the views herein expressed. It is so ordered. All concur except *Gantt, J.*, absent.