**GREENE COUNTY, Respondent,**

v.

**STATE of Missouri, Appellant.**

No. WD 52011.

Missouri Court of Appeals,
Western District.

July 16, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christie A. Kincannon, Asst. Atty. Gen., Jefferson City, for appellant.

Theodore L. Johnson, III, County Counselor, Greene County, Springfield, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

This case is a review of an order granting summary judgment in favor of respondent, Greene County, Missouri, on a petition for declaratory judgment filed against the appellant, State of Missouri, Office of Administration. The court awarded respondent the unpaid portion of the cost fee bills plus prejudgment interest. Appellant contests the entry of summary judgment and the award of prejudgment interest. Respondent filed a motion to transfer the case to the Missouri Supreme Court arguing the case fell within that Court's jurisdiction pursuant to Article V, § 3 of the Missouri Constitution. The Supreme Court denied the motion, thus vesting jurisdiction in this court. The facts are set forth in the discussion section of the opinion.

**STANDARD OF REVIEW**

Review of an order granting summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will review the record in the light most favorable to the party against whom judgment was entered. *Id.* To be entitled to summary judgment, respondent had the burden to demonstrate that the facts were not in genuine dispute and that the facts show a legal right to judgment. *Id.* at 380.

**I.**

Appellant's Point I asserts the trial court erred in granting summary judgment because the result leads to a statute overriding a constitutional provision. Appellant does not claim that there is a genuine dispute regarding the facts. Thus, the only issue in this point is whether the facts demonstrate to us, on *de novo* review, a legal right to judgment.

Chapter 550[1] dictates what governmental entity will bear the expenses of prosecuting criminal cases, dependent on the type of case and the outcome. Greene County incurred costs which Chapter 550 assessed to the State of Missouri. The State does not dispute the total amount of the costs incurred for which the State would ordinarily be liable for. Sections 550.140 and 550.190 set forth the procedure for sending a fee bill to the State so that the county can be reimbursed. Greene County followed the proper statutory procedures for submitting its fee bill to the State, and certifying the bill pursuant to § 550.210. These are the core facts and they are not in dispute.

Article IV, § 27 authorizes the governor to reduce "the rate at which any appropriation is expended during the period of the appropriation" when there is a revenue shortfall. In fiscal year 1991[2], a revenue shortfall occurred and the governor reduced the rate of reimbursement on criminal cost bills to 71% of the audited amount. There was no reduction in the rate of reimbursement in fiscal

---

1. All statutory and constitutional references are to RSMo 1994.

2. A fiscal year runs from July 1 to June 30 of any given year.

year 1992. Neither party disputes the governor's exercise of power to reduce the rate of reimbursement.

■ Section 33.120 provides that counties must submit their criminal cost bills to the State within two years from when the costs accrued, which is the date of the final determination of the case. *Cramer v. Smith*, 350 Mo. 736, 168 S.W.2d 1039, 1041 (1943). Both parties agree that the cost bills in dispute accrued in fiscal year 1991. However, Greene County did not submit its cost bills to the State until fiscal year 1992 (well within the two-year statute of limitations of § 33.120). Greene County submitted three cost bills in fiscal year 1992 which are at issue here; one each in July 1991, February 1992 and March 1992. The issue which the parties dispute is whether the State should reimburse Greene County for the cost bills in question under the reduced rate applicable to fiscal year 1991 in which the costs accrued or in full pursuant to the rate applicable to fiscal year 1992 in which the cost bills were submitted. We must decide whether these facts demonstrate a right to judgment as a matter of law.

■ Our rules of statutory construction are akin to those for construing constitutional provisions. *State ex rel. Upchurch v. Blunt*, 810 S.W.2d 515, 516 (Mo. banc 1991). Our primary goal is to ascertain the legislative intent and to give effect to that intent, if possible, considering the words in their plain and ordinary meaning. *Brownstein v. Rhomberg–Haglin & Assoc., Inc.*, 824 S.W.2d 13, 15 (Mo. banc 1992); § 1.090. There is no room to construe legislative provisions when they are unambiguous. *Id.* We gratuitously presume the legislature enacted a statute to serve the best interests and welfare of the citizenry at large. *W.K. Jenkins v. Missouri Farmers Assoc., Inc.*, 851 S.W.2d 542, 545 (Mo.App.1993).

The State argues that Article IV, § 27 is silent as to whether the pivotal date for reimbursement of cost bills is the date submitted or the date incurred. Thus, the State claims, the governor has the implied power to determine the appropriate date necessary to effectuate the intent of this constitutional provision. We disagree that Article IV, § 27 is silent as to the pivotal date.

The provision states "[t]he governor may control the rate at which any appropriation is expended *during the period of the appropriation* ... and may reduce the expenditures ... *whenever the actual revenues are less than the revenue estimates upon which the appropriations were based.*" Art. IV, § 27 (emphasis added). We find the italicized phrases to be key in our determination of this point. The phrase "during the period of the appropriation" clearly indicates that the governor's rate-control power only applies during the fiscal year in which the expenditure is made. Likewise, the rate reduction explicitly is limited to times of budget shortfall. From the language of this constitutional provision, we find that the pivotal distinction is not between when the cost bill accrued or was submitted, but out of which fiscal year the expenditure is made.

In applying our finding to the facts of this case, we must distinguish between the July 1991 cost bill and the February and March 1992 cost bills. Under § 33.065, expenditures can be made on appropriations for two months after the fiscal year ends. Thus, the July 1991 cost bill, though submitted during fiscal year 1992, was paid out of the fiscal year 1991 budget. Therefore, it was properly paid at the reduced rate of 71% of the certified amount.

■ The February and March 1992 cost bills must be treated differently. Even though these cost bills were incurred by Greene County in fiscal year 1991, the expense was not incurred by the State until fiscal year 1992. Hence, the governor's rate-control power exercised in fiscal year 1991 did not apply to an expenditure in a different fiscal year. Similarly, because there was no budget shortfall in fiscal year 1992 when Greene County's cost fee bills were submitted, the rate reduction imposed by the governor in fiscal year 1991 did not apply.

■ We find no ambiguity in the words of this provision and, thus, need not impose all of our rules of construction. Because we find that Article IV, § 27 clearly limits the rate reduction to expenditures made during the

fiscal year in which the rate reduction was imposed, we find that the facts of this case show a legal right to judgment in favor of Greene County on the February and March 1992 cost bills. Accordingly, the order of the circuit court is affirmed as to two payments. As to the July 1991 cost bill, we reverse the entry of summary judgment and remand to the circuit court with directions to enter summary judgment in favor of the State of Missouri. We further direct the circuit court to recalculate the proper amount due to Greene County pursuant to our holding.

## II.

Along with the amount found to be owing to Greene County, the trial court also assessed prejudgment interest pursuant to § 408.020 against the State. In Point II, the State claims the trial court erred in awarding Greene County prejudgment interest because of the State's protection by the doctrine of sovereign immunity.

■ The United States Supreme Court has determined that prejudgment interest is considered an award of damages and not a component of costs. *Missouri v. Jenkins,* 491 U.S. 274, 281, 109 S.Ct. 2463, 2468, 105 L.Ed.2d 229, 238 n. 3 (1989), *citing Library of Congress v. Shaw,* 478 U.S. 310, 322, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250, 261 (1986). Section 537.600.1 provides the State with sovereign immunity protecting it from being assessed with a damages award. Greene County counters by claiming that the State waived its immunity.

■ Greene County's first waiver argument is based on the State's failure to plead sovereign immunity as an affirmative defense. Rule 55.08 requires all affirmative defenses to be raised in responsive pleadings accompanied by "a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Greene County is correct in claiming that the State failed to raise sovereign immunity as an affirmative defense. The State asserts that its claim in the responsive pleadings that Greene County failed to state a claim for which relief could be granted includes the defense of sovereign immunity. It cites the case of *Fowler v. Board of Regents for the Central*

*Missouri State University,* 637 S.W.2d 352 (Mo.App.1982) in support of its claim. We find the *Fowler* case to be inapposite. In *Fowler,* the motion for failure to state a claim was explicitly grounded upon the defense of sovereign immunity. In this case, the State never mentions sovereign immunity.

Under Rule 55.08, a party is required to put the opposing party on notice of each affirmative defense it intends to rely on or the defense is waived. We find that the State waived its right to rely on the defense of sovereign immunity as to the prejudgment interest award by failing to specifically raise the issue.

The State alternatively cites *Molasky v. Brown,* 720 S.W.2d 412 (Mo.App.1986) to argue that an affirmative defense need not be specifically pled where the applicability of the defense shows from the face of the pleadings. We find that even if this were a valid exception in a sovereign immunity case, the face of the pleadings here do not plainly raise the issue. Because this resembles a contract action rather than a tort action, there is even a question whether sovereign immunity would apply if it had been properly raised.

We find that because Greene County was entitled to full reimbursement of its cost bills pursuant to the entry of summary judgment, it was also entitled to prejudgment interest on those claims as a matter of law.

## CONCLUSION

We affirm summary judgment as to the February and March 1992 cost bills, but reverse summary judgment as to the July 1991 cost bill. We affirm the trial court's award of prejudgment interest to Greene County, but only as to the latter two cost bills on which we affirm summary judgment. We remand this case and direct the circuit court to enter summary judgment in favor of the State as to the July 1991 cost bill and to recalculate the total amount due and owing to Greene County by the State.

All concur.