**CMT PARTNERS, Respondent,**

v.

**Neal I. ALAIWAT, et al., Appellants.**

**No. WD 54422.**

Missouri Court of Appeals,
Western District.

June 16, 1998.

Daniel O. Herrington, Kansas City, for Appellants.

Larry W. Joye, Kansas City, for Respondent.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

HOWARD, Presiding Judge.

This is an appeal from an order granting summary judgment in favor of CMT Partners d/b/a Cellular One ("Cellular One") and against Appellants Neal Alaiwat and Sal Termini on Cellular One's claims of "breach of contract/action on account" and "quantum meruit." The sole point on appeal is whether the trial court erred in granting summary judgment to Cellular One by finding as a matter of law that the Dealer Equipment Agreement ("Agreement") signed by Appellants bound them personally rather than as representatives of Progressive Cellular, Inc. ("Progressive").

## Facts

In September 1995, Cellular One filed a four-count petition in Jackson County Circuit Court alleging in Count I styled "Breach of Contract/Action on Account" that Appellants breached their contract to pay Cellular One for cellular telephones and equipment in the amount of $49,172.28. Cellular One's remaining claims alleging breach of noncompetition and nonsolicitation agreements were dismissed and are not the subject of this appeal.

The allegations stem from the purchase of cellular phones, equipment and services by Progressive from Cellular One. Cellular One sold cellular phones and services through a matrix of agents and subagents. Robin Gifford d/b/a Midwest Mobile Communications was an agent for Cellular One. Progressive, a Kansas corporation in good standing, was a subagent of Gifford. Progressive sold Cellular One's cellular phones and services and was paid on a commission basis by Gifford.

The relationship between Cellular One, Gifford and Appellants was terminated in May 1995, and Cellular One thereafter filed its petition. Cellular One's claims are premised on the Dealer Equipment Agreement. The two-page Agreement recites at page one that it "is made and entered into" as of May 1, 1994 and was signed by Appellants on October 3, 1994.

The Agreement, a form contract drafted by Cellular One, provides that it is "between Cellular One/CMT Partners, with its principal place of business at 10895 Lowell Ave., Overland Park, KS 66210 ('Company'), and Progressive Cellular, a corporation, with its principal place of business at 4121 W. 83rd Street, Prairie Village, KS 66203 ('Dealer')."

The Agreement recites that the Company may sell equipment to the Dealer, and that the Dealer, upon termination of the Agreement, shall promptly pay for all equipment purchased. The crux of this appeal is based on the following language appearing at page two of the agreement:

Each individual signing below agrees to be bound by the terms of this Agreement.

| Dealer's Owners | Neal Alaiwat | Date: 10/3/94 |
| | (Signature of Neal Alaiwat) | |
| | Sal Termini | Date: 10/3/94 |
| | (Signature of Sal Termini) | |
| Dealer's Officers | Neal Alaiwat | Date: 10/3/94 |
| | (Signature of Neal Alaiwat) | |
| | Sal Termini | Date: 10/3/94 |
| | (Signature of Sal Termini) | |

On November 25, 1996, Appellants moved for summary judgment on the theory that while the Agreement may provide a basis for liability against Progressive, it did not provide a basis for personal liability against the individuals. On March 13, 1997, Cellular One filed a cross-motion for summary judgment contending that Appellants' execution of the Agreement provided a basis for personal liability. On April 23, 1997, the trial court entered an order granting Cellular One's summary judgment motion on Count I of its petition alleging breach of contract. On May 7, 1997, the trial court amended its order to grant summary judgment to Cellular One on its quantum meruit claims in Count II "for the same reasons" as set forth in its April 23, 1997 order.

## Standard of Review

Review of an order granting summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* We will review the record in the light most favorable to the party against whom judgment was entered. *Greene County v. State*, 926 S.W.2d 701, 702 (Mo.App. W.D.1996).

## Argument

Appellants' sole point on appeal is that the trial court erred in determining as a matter of law that they were parties to the Agreement and that the Agreement provided a basis for personal liability against them when they were not named as parties to the Agreement and did not guarantee the obligations of a party to the Agreement.

■ When determining choice of law issues, Missouri courts apply the "most significant relationship" test set out in Section 188 of the Restatement (Second) of Conflict of Laws. *Dillard v. Shaughnessy, Fickel and Scott Architects, Inc.*, 943 S.W.2d 711, 715 (Mo.App. W.D.1997). Because the Agreement was executed in Kansas and Kansas was the principal place of business of Cellular One and Progressive, we apply Kansas law to the present case.

■ Cellular One correctly asserts that a party will be personally liable where the four corners of the document demonstrate an intent to bind the parties individually. *See TMG Life Ins. Co. v. Ashner*, 21 Kan.App.2d 234, 898 P.2d 1145, 1154 (1995). However, we find that in this case the four corners of the contract do not clearly demonstrate an intent to bind the individual Appellants personally. The general rule supported by the courts is substantially to the effect that when the body of a contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract, and there is nothing in the contract to indicate that such person signed as a party, such person is not bound by the contract and hence is not liable thereunder. 17A Am.Jur.2d *Contracts* § 423 (1991); 94 A.L.R.2d 696 (1964). Appellants are not named as parties to the contract, and the contract contains no language indicating that Appellants signed as parties. Furthermore, there is no language in the contract making Appellants personally liable. The trial court stated in its order that "[t]he only reasonable interpretation of defendant's execution of the Agreement as 'Dealer's Owners' as well as Progressive's corporate officers, was that Defendants were to be responsible under the contract in their individual capacities." The trial court seemed to base its holding on the language providing that "[e]ach individual signing below agrees to be bound by the terms of this Agreement." However, we find that this language bound Appellants only as representatives of Progressive, not in their individual capacities, when taken in the context of the whole contract.

Cellular One argues that there is no legal requirement that language such as "personal liability," "guarantor," or "personal" be used in a contract to create individual liability. However, the cases Cellular One cites in

support of its argument all contain such language. *See Ricker v. B–W Acceptance Corp.,* 349 F.2d 892, 893 (10th Cir.1965) (the contract repeatedly used language such as "the undersigned hereby guarantees ... "); *McBride Elec., Inc. v. Putt's Tuff, Inc.,* 9 Kan.App.2d 548, 685 P.2d 316, 320 (1984) (the "plain and unambiguous use of the word 'guarantors' " gave rise to personal liability); *Merrill & Petillon v. Young,* 5 Kan.App. 761, 47 P. 187 (1897) ("payment guaranteed by" the individuals signing the contract); *Threlkel v. Shenanigan's, Inc.,* 110 Nev. 1088, 881 P.2d 674, 676 (1994) (the "undersigned ... personally guarantee payment of this note"). The cases cited by Cellular One are clearly distinguishable from the present case because the contract in this case contains no language to suggest that Appellants personally guaranteed the contract.

It would have been easy for Cellular One to make the individuals parties to the contract or include language of personal liability or guarantee in the contract had it intended to hold Appellants personally liable on the contract. It is simply not clear from the face of the contract that Appellants bound themselves personally by signing the contract.

Reversed and remanded for further proceedings consistent with this opinion.

All concur.