**STATE of Missouri ex rel., Rhonda McNeal MASON and Melinda Clark–Sann, Relators,**

v.

**COUNTY LEGISLATURE, Jackson County Missouri, and Jackson County Board of Election Commissioners, and Kansas City Board of Election Commissioners, Respondents.**

**No. WD 61185.**

Missouri Court of Appeals, Western District.

May 28, 2002.

Benny J. Harding, Esq., Leawood, for Relators.

Jack C. Terry, Independence, David B. Raymond, Jay D. Haden, Kansas City, for Respondents.

Before VICTOR C. HOWARD, P.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, J.

Relators Rhonda McNeal Mason and Melinda Clark–Sann seek this court's writ of mandamus to compel Respondents to file and process Relator Mason's declaration of candidacy for the office of county legislator from the Third District at Large for the primary election in August 2002. Whether the law supports Relator Mason's claim that she must be permitted to file as a candidate is not addressed. Two preliminary issues are necessarily considered. The issues are: (1) whether the Clerk of the Jackson County Legislature, unnamed as a party, is the appropriate, necessary and indispensable party to Relators' claim that Relator Mason was illegally denied the right to file as a candidate for election to the Jackson County Legislature in the primary election scheduled for August 2002, and (2) whether mandamus is the appropriate remedy. This court's preliminary rule in mandamus was entered on March 22, 2002. By separate order, the preliminary rule in mandamus was quashed on April 30, 2002, following argument before this court on the same date.

## Applicable Facts

Rhonda McNeal Mason appeared in person at the offices of the Jackson County Legislature and submitted the appropriate form declaring her candidacy as a democrat for the position of Jackson County Legislator for the Third District at Large in the primary election scheduled for August 2002. Her application was rejected, and she was informed that her name would not appear on the primary election ballot as a candidate for the Third District at Large position. Relator Mason's declaration of candidacy was rejected by Mary Jo Brogoto, Clerk of the Jackson County Legislature, because Relator Mason will not have been a "qualified voter" in Jackson County for three years immediately preceding the August 2002 primary election as required by Article II, section 5 of the Jackson County Charter, and, therefore, will not qualify as a candidate for the election of Jackson County Legislator from the Third District at Large.

Following rejection of her declaration of candidacy, Relators Mason and Melinda Clark–Sann filed their petition for mandamus to compel the Jackson County Legislature, the Jackson County Board of Election Commissioners, and the Kansas City Board of Election Commissioners to re-

ceive Relator Mason's declaration of candidacy for the August 2002 primary election and to compel them to place her name on the appropriate ballot as a candidate. Relator Clark–Sann asserts in the petition and Relators' brief that she is a registered voter residing in Jackson County, Third District at Large, and that her right to vote for the candidate of her choice would be illegally restrained if Relator Mason's name were precluded from appearing on the August 2002 primary ballot as a candidate for the county legislature.

### The Clerk of the County Legislature is a necessary and indispensable party to Relators' action in mandamus

■ The Jackson County Legislature, the Jackson County Board of Election Commissioners, and the Kansas City Board of Election Commissioners are named as parties Respondents in Relators' petition seeking mandamus relief. Thus, Relators seek the court's writ to compel them to accept and process Relator Mason's declaration of candidacy. The duties of none of the entities named as Respondents include the relief sought by Relators.

Conspicuously, the Clerk of the Jackson County Legislature, Mary Jo Brogoto, is not a named party Respondent. Officially, Ms. Brogoto, acting in her capacity as clerk of the county legislature, denied Relator Mason's application for candidacy. The clerk is the official with whom prospective candidates are to submit declarations of candidacy for county office. Constitutional provision, statute, and the Jackson County Charter establish such authority with the Clerk of the Jackson County Legislature. Article VI, section 18(a), Missouri Constitution of 1945 authorizes counties having more than 85,000 inhabitants to adopt and amend a charter form of government. Jackson County has a charter form of government as autho-

rized by Article VI, section 18(a). Article II, section 19 of the Jackson County Charter provides for the appointment of a clerk of the county legislature whose duties include those performed by county clerks not otherwise provided for in the charter. Article II, section 19 states:

> The legislature shall appoint a clerk of the county legislature, who shall hold office at the pleasure of the legislature. He shall provide the legislature with administrative, research and staff services in the performance of its functions, and supervise the activities of persons the legislature may appoint as its staff. The clerk of the county legislature shall perform all duties required of a county clerk or a clerk of the county court not otherwise provided for in this charter or by ordinance.

■ Two boards of election commissioners are located in Jackson County. These are the Jackson County Board of Election Commissioners and the Kansas City Board of Election Commissioners. Section 115.353(3), RSMo 2000, provides that in counties where two boards of election commissioners exist, aspiring candidates for elective office within county government must submit the appropriate declaration of candidacy form to the county clerk. Section 115.353(3) states: "All declarations of candidacy shall be filed ... [f]or all county offices, in the office of county election authority. In any county in which there are two boards of election commissioners, the county clerk shall be deemed to be the election authority for purposes of this section." Thus, the Clerk of the Jackson County Legislature is the person with whom a person desiring to run for the county legislature must file the requisite declaration of candidacy. The clerk, then, is the official who is compelled to accept a declaration that otherwise meets the legal requirements for filing. The Clerk of the

Jackson County Legislature is the necessary and indispensable party when seeking a writ of mandamus from a court to compel the filing of a declaration of candidacy for the Jackson County Legislature. Relators have not named the Clerk of the Jackson County Legislature as a party to their petition for this court's writ of mandamus. The proper practice is to name an indispensable party to the action and to direct the writ against the proper official, by name, whose acts are sought to be coerced. *State ex rel. Nelson v. City of Berkeley*, 991 S.W.2d 747, 749 (Mo.App. E.D.1999). Thus, the proper party Respondent not having been named, the petition must fail.

### Mandamus is not the Proper Remedy

The second issue considered is whether mandamus is the appropriate remedy where the Clerk of the Jackson County Legislature has declined to accept and file Relator Mason's declaration of candidacy for the primary election scheduled for August 2002 for the Third District at Large of the Jackson County Legislature.

■ Mandamus is one of several extraordinary remedies available to the judiciary to administer justice. Mandamus has a lengthy judicial history that originated in England, and the writ remains an important judicial administrative tool in Missouri. Rule 94, Supreme Court Rules, provides for proceedings in mandamus. Chapter 529, RSMo makes provision for mandamus.

■ The purpose of mandamus is to execute and not to adjudicate. *State ex rel. Johnson v. Griffin*, 945 S.W.2d 445, 446 (Mo. banc 1997). Mandamus is a discretionary writ, and no right exists to have the writ issue. *State ex rel. Mo. Growth Ass'n. v. State Tax Comm'n*, 998 S.W.2d 786, 788 (Mo. banc 1999). Mandamus is appropriate only when the right to be enforced is clear, unequivocal, specific, and only then to require the performance of a ministerial act. *Id.*

Relators seek this court's writ of mandamus to compel the filing of Relator Mason's declaration of candidacy for the position of Jackson County Legislature for the Third District at Large. The named Relators assert that Respondents refused to file Relator Mason's declaration of candidacy because she does not qualify to be a candidate for the office sought. Specifically, they assert that she has not been a registered voter in Jackson County for the length of time required by Article II, section 5 of the Jackson County Charter. Article II, section 5 of the Charter states, "Each member of the legislature shall be a qualified voter in Jackson County for at least three years preceding his election, and a resident in his district for at least one year preceding his nomination." Relator Mason acknowledges that she will not have been a "registered voter" in Jackson County for three years immediately preceding the date of the August primary election.

■ The term "qualified voter" has been defined by case law in Missouri for many years. "A qualified voter is one that, in addition to other qualifications, must be registered where such is required as a condition for voting." *State ex rel. Burke v. Campbell*, 542 S.W.2d 355, 357 (Mo.App.1976) (quoting *State ex rel. Socialist Workers' Party of Missouri v. Kirkpatrick*, 513 S.W.2d 346, 348 (Mo. banc 1974)). The court in *Burke* noted that as early as 1878 the term "qualified voter," as that term appeared in several constitutional and statutory provisions, was defined as one who was registered to vote. *Id.* (citing *State ex rel. Woodson v. Brassfield*, 67 Mo. 331, 337 (1878)). The court in *Burke* said, "no matter if a citizen possessed every

other qualification, if not registered, he was not a qualified voter." *Id.* (quoting *Woodson,* 67 Mo. at 337). That court also said, "It was not the right to register which constituted one a qualified voter, but the fact being registered as such, was also essential. A qualified voter is one who by law, at an election, is entitled to vote." *Id.* (quoting *Woodson,* 67 Mo. at 337). Thus, the term "qualified voter," as the term appears in Article II, section 5 of the Jackson County Charter, is synonymous with "registered voter." A person who seeks to file her declaration of candidacy for the Jackson County Legislature must have been registered to vote in Jackson County for three years preceding the date of the election for which she intends to be a candidate.

Admitting that Relator Mason will not have been a qualified voter of Jackson County for three years preceding the August primary election, Relators' petition in mandamus seeks to have this court adjudicate the constitutionality of the requirement imposed by Article II, section 5 of the Jackson County Charter. Relator Mason contends that the three year requirement for voter registration breaches the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, section 2 of the Missouri Constitution. Adjudication of the constitutional issue asserted by Relators in an action in mandamus is inappropriate.

■ Mandamus is not available "to directly challenge and determine the validity or constitutionality of an ordinance or statute respecting the duty involved." *State ex rel. Chiavola v. Vill. of Oakwood,* 931 S.W.2d 819, 825 (Mo.App. W.D.1996); *See also St. Louis Police Officers' Ass'n v. Sayad,* 685 S.W.2d 913, 916–17 (Mo.App. E.D.1984). Assuming, *arguendo,* that Relators can make a prima facie showing of unconstitutionality, the proper party oppo-

nent would be entitled to offer evidence that the contested restriction is appropriate within the law and violates neither state nor federal constitution. The state forum for such evidentiary proceeding is the Circuit Court of Jackson County. Mechanisms available to initiate the claim in the appropriate forum include declaratory judgment.

Relators' impliedly claim that because the election is imminent, time is of the essence. Therefore, they assert that because the procedure attendant to mandamus facilitates an expedited resolution and remedy, mandamus is the appropriate and only remedy available. Relators may be in a precarious situation because a law suit initiated now to challenge the constitutionality of the contested charter provision would require more time to conclude than remains before the election. Granted Relator Mason's decision to seek office may have been recent, Article II, section 5 of the Jackson County Charter has existed for years, and the provision for which Relators complain has awaited challenge equally as long. Relators' desire for expedited resolution, while understandable, is not reason to violate the well-established provisions of the law of mandamus and to embark on new and unwise precedent that would encourage expanded use of the extraordinary writ to adjudicate and decide issues of law. The rationale for preclusion of the use of mandamus as a method to redress the issues asserted and to resolve Relators' dilemma is evident for numerous reasons, only some of which are stated here. Such application of the writ would deviate from its historically limited purpose, would encourage avoidance of traditional remedies, and would subvert statutory provisions for redressing conflict in the courts as the system is designed. Additionally, acceding to the request for expedited judicial

response to adjudicate significant constitutional questions would unwisely compel rushed reasoning without the benefit of a record of factual determination.

Relators attempt to establish their right to relief by asserting violation of constitutionally guaranteed due process rights. They attempt to utilize the writ for mandamus to adjudicate not execute, to establish not enforce their claimed rights. Mandamus is not the appropriate remedy to adjudicate the constitutional claim that Article II, section 5 of the Jackson County Charter violates both federal and state constitutional rights.

## Conclusion

The Clerk of the Jackson County Legislature is a necessary and indispensable party as the official tasked by law with the duty of receiving and processing declarations of candidacy for the office Relator Mason would seek. The absence of the clerk as a named party is fatal to Relators' petition. Additionally, mandamus is not the proper remedy where Relators seek adjudication for alleged violations of the federal and state constitutions where Relator Mason does not satisfy the legally articulated requirements for candidacy and her declaration of candidacy was refused.

For the reasons stated, Relators' petition for the court's writ of mandamus was dismissed by a preceding order.

ViCTOR C. HOWARD, P.J. and HAROLD L. LOWENSTEIN, J. concur.